******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

RODNEY S. HANKERSON *v.* COMMISSIONER
OF CORRECTION
(AC 45736)

Bright, C. J., and Moll and Prescott, Js.

*Syllabus*

The petitioner, who had been convicted of felony murder and robbery in the first degree, appealed to this court from the judgment of the habeas court, which dismissed his third petition for a writ of habeas corpus after he failed to establish good cause for its late filing. The petitioner filed his third petition in 2017 after having withdrawn a second habeas petition that he had filed in 2012 and nearly three years after judgment on his first habeas petition became final in October, 2014. Because the third petition was filed outside of the two year time limit for successive petitions set forth by statute (§ 52-470 (d)), the habeas court conducted an evidentiary hearing pursuant to § 52-470 (d) and (e) on a motion filed by the respondent, the Commissioner of Correction, for an order to show cause as to why the third petition should not be dismissed as untimely. At a hearing on the respondent's motion, the petitioner testified that good cause existed because, inter alia, his counsel at the time the second habeas petition was withdrawn had rendered ineffective assistance by misadvising or failing to advise him of the time limit to file a new habeas petition if he withdrew the pending second petition. Relying on *Kelsey* v. *Commissioner of Correction* (343 Conn. 424), which identified factors relevant to a habeas court's determination of whether good cause exists to excuse the untimely filing of a habeas petition, the habeas court concluded that a failure by counsel to advise a petitioner of the time limit in § 52-470 (d) was not an external factor that constituted good cause to excuse the untimely filing. *Held* that the habeas court did not apply the correct legal standard under § 52-470 (d) and (e) in deciding that the petitioner had not established good cause to excuse the late filing of his third habeas petition: the state of the law as to whether ineffective assistance of counsel is a factor that may constitute good cause to excuse a delay in filing was clarified by our Supreme Court in *Rose* v. *Commissioner of Correction* (348 Conn. 333), which was decided during the pendency of this appeal and which concluded that ineffective assistance of counsel cannot be imputed to the petitioner and is an external, objective factor under *Kelsey* that may constitute good cause to excuse a late filing under § 52-470 (d) and (e); moreover, although the court in *Rose* did not state that counsel's failure to advise a petitioner of the deadline necessarily constitutes ineffective assistance, it decided that such a determination is a fact specific inquiry that is left to the habeas court's discretion, taking into consideration all relevant *Kelsey* factors in light of the totality of the circumstances presented; accordingly, this court reversed the judgment and remanded the case to the habeas court for a new hearing and good cause determination under § 52-470 (d) and (e).

Argued January 2—officially released January 30, 2024

*Procedural History*

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, where the court, *Oliver, J.*, overruled the petitioner's objection to the respondent's motion to show cause and rendered judgment dismissing the petition, from which the petitioner, on the granting of certification, appealed to this court. *Reversed; further proceedings.*

*David B. Bachman*, assigned counsel, for the appellant (petitioner).

*Ronald G. Weller*, senior assistant state's attorney, with whom were *Rebecca R. Zeuschner* and *Nicholas L. Scarlett*, certified legal interns, and, on the brief, *Donna Marie Fusco*, assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Rodney S. Hankerson, appeals from the habeas court's dismissal of his petition for a writ of habeas corpus as untimely under General Statutes § 52-470 (d) and (e). On appeal, the petitioner claims that the court erred in concluding that he failed to establish good cause for his late-filed petition. In particular, the petitioner argues that his prior habeas counsel's failure to advise him of the statutory deadline for filing a new petition following the withdrawal of his then pending petition constituted ineffective assistance of counsel, which constituted good cause for the delay in filing. In light of our Supreme Court's recent decision in *Rose* v. *Commissioner of Correction*, 348 Conn. 333, 304 A.3d 431 (2023), we conclude that the judgment of the habeas court must be reversed, and we remand the case for a new good cause hearing.

The following procedural history is relevant to our analysis. In 2007, a jury found the petitioner guilty of felony murder and two counts of robbery in the first degree. Thereafter, the trial court imposed a total effective sentence of sixty years of incarceration. This court affirmed the petitioner's conviction, and our Supreme Court denied the petitioner's petition for certification to appeal from this court's decision. See *State* v. *Hankerson*, 118 Conn. App. 380, 381, 983 A.2d 898 (2009), cert. denied, 298 Conn. 932, 10 A.3d 518 (2010).

In 2007, the petitioner filed his first habeas petition, alleging that his trial counsel, Attorney Jeffrey Kestenband and Attorney William Paetzold, provided ineffective assistance during his criminal trial. The habeas court denied the petition, and the petitioner appealed to this court, which dismissed the appeal, concluding that the habeas court did not abuse its discretion in denying the petitioner's petition for certification to appeal. See *Hankerson* v. *Commissioner of Correction*, 150 Conn. App. 362, 363, 90 A.3d 368, cert. denied, 314 Conn. 919, 100 A.3d 852 (2014). In 2012, the petitioner filed his second habeas petition, alleging ineffective assistance of both his appellate counsel, Attorney Jennifer Vickery, and his first habeas counsel, Attorney Arthur Ledford. On September 12, 2016, the petitioner withdrew that petition.

Thereafter, on June 2, 2017, the petitioner filed the underlying third habeas petition, which he amended on May 19, 2021. In his amended petition, the petitioner alleged that (1) the state presented false testimony at his criminal trial and failed to disclose exculpatory evidence, (2) the jury returned an inconsistent verdict, and (3) his trial counsel and prior habeas counsel were ineffective. On April 8, 2021, the respondent, the Commissioner of Correction, filed a motion pursuant to § 52-470 (d) and (e)[1] for an order to show cause as to why the petition should not be dismissed as untimely because

it was filed more than two years after the date the judgment on the petitioner's first habeas petition became final, October 8, 2014.[2] In response, the petitioner claimed that "good cause" existed for the delay because, inter alia, (1) his second habeas counsel, Attorney Thomas J. Piscatelli, "misadvised and/or failed to advise the petitioner that his withdrawal" of his second habeas petition "would necessarily render future habeas claims outside the allowable time limits set forth by . . . § 52-470 without good cause," and (2) "the lack of access to sufficient legal resources . . . while incarcerated left the petitioner unable to remain abreast of the latest legal developments and, specifically, the law with respect to . . . § 52-470."

On April 29, 2022, the court held an evidentiary hearing, at which the petitioner presented four witnesses: himself; Piscatelli, his counsel when the second habeas petition was withdrawn; and Warden Daniel Dougherty and Deputy Warden Damian Doran, both from the MacDougall-Walker Correctional Institution, where the petitioner was in custody at all relevant times. The petitioner presented his testimony and that of Piscatelli to support his claim that Piscatelli provided ineffective assistance of counsel by failing to advise him of the deadline to file a new habeas petition if he withdrew his then pending second petition. The petitioner presented the testimony of Dougherty and Doran to support his claim that he did not have adequate access to legal materials at the MacDougall-Walker Correctional Institution to discover on his own the applicable filing deadline.

On June 22, 2022, the court issued an order overruling the petitioner's objection to the respondent's motion to show cause and dismissed the habeas petition. The entirety of the court's order read: "After hearing and oral argument, and having considered the written filings of the parties in support of their respective positions, the court finds the petitioner has failed to establish good cause to excuse his delay in filing the instant petition.

"Among other evidence adduced at the hearing, the petitioner had some access to legal resources in correctional institutions during his period of incarceration, as testified to by both the petitioner and the other two witnesses at the hearing, but never sought to avail himself of them.

"Assuming, arguendo, that the petitioner's testimony was accurate, this court finds that it is insufficient to overcome the rebuttable presumption of unreasonable delay in [the] filing of the instant petition, pursuant to *Kelsey* v. *Commissioner of Correction*, [343 Conn. 424, 441–42, 274 A.3d 85 (2022)], in that there was no competent evidence of external factors affecting timely filing. Accordingly, the matter is dismissed."

Thereafter, the habeas court granted the petitioner's petition for certification to appeal, and this appeal followed.

After the parties filed their briefs in this appeal, but before oral argument, our Supreme Court issued its decision in *Rose* v. *Commissioner of Correction*, supra, 348 Conn. 333.[3] In *Rose*, the court addressed whether prior habeas counsel's failure to advise a petitioner of the deadline for filing a new petition following the withdrawal of a pending petition may constitute good cause to justify a late-filed petition under § 52-470 (c)[4] and (e). See id., 346–47. In that case, the respondent, relying on our Supreme Court's decision in *Kelsey* v. *Commissioner of Correction*, supra, 343 Conn. 441–42, argued that an error by counsel, even if it rose to the level of constitutionally deficient performance, was not an " 'external factor' " that could constitute good cause. *Rose* v. *Commissioner of Correction*, supra, 347. In particular, the respondent in *Rose* relied on the Supreme Court's statement in *Kelsey* that, "to rebut successfully the presumption of unreasonable delay in § 52-470, a petitioner generally will be required to demonstrate that something *outside of the control of the petitioner or habeas counsel* caused or contributed to the delay." (Emphasis added; internal quotation marks omitted.) *Kelsey* v. *Commissioner of Correction*, supra, 441–42.

In *Rose*, the court rejected the respondent's reliance on *Kelsey* and, instead, relying on federal precedents in the area of procedural default,[5] concluded that "[i]neffective assistance of counsel is an objective factor external to the defense because the [s]ixth [a]mendment itself requires that responsibility for the default be imputed to the [s]tate. . . . In other words, it is not the gravity of the attorney's error that matters, but that it constitutes a violation of [the] petitioner's right to counsel, so that the error must be seen as an external factor, i.e., imputed to the [s]tate. . . . Although a petitioner is bound by his counsel's inadvertence, ignorance, or tactical missteps, regardless of whether counsel is flouting procedural rules or hedging against strategic risks, a petitioner is not bound by the ineffective assistance of his counsel. . . . Consistent with this authority, we conclude that ineffective assistance of counsel is an objective factor external to the petitioner that may constitute good cause to excuse the late filing of a habeas petition under the totality of the circumstances pursuant to § 52-470 (c) and (e)." (Citations omitted; internal quotation marks omitted.) *Rose* v. *Commissioner of Correction*, supra, 348 Conn. 347–48.

As noted previously in this opinion, the habeas court in the present case expressly relied on *Kelsey* in concluding that, even if the petitioner's testimony, which indicated that he was not properly advised by Piscatelli of the deadline for filing a new habeas petition, were accurate, Piscatelli's failure to advise the petitioner

would not be an external factor that constitutes good cause. In reaching this conclusion, the habeas court did not have the benefit of our Supreme Court's clarification of *Kelsey* in *Rose* regarding "the fundamental distinction between internal and external factors that cause or contribute to a petitioner's failure to comply with a procedural rule." Id., 347. The habeas court therefore did not apply the correct legal standard when deciding whether the petitioner had demonstrated good cause for the late filing of his petition. Thus, the petitioner is entitled to a new hearing at which the court applies the correct legal standard.

To be clear, although the court in *Rose* held that constitutionally deficient performance by habeas counsel may constitute good cause for a late-filed petition, it did not hold that counsel's failure to advise a petitioner of the deadline for filing a new petition necessarily constitutes ineffective assistance of counsel. See id., 349–50. Such a determination is a fact specific inquiry that depends on a number of factors, including the relationship between the petitioner and his counsel during the pertinent time. For example, a petitioner who terminates his relationship with counsel before withdrawing his pending petition and filing a new petition stands in a very different position than does a petitioner who withdraws his petition on the advice of his counsel and is told the wrong deadline for filing a new petition by that counsel.[6]

Furthermore, although the habeas court may conclude that ineffective assistance of counsel constitutes good cause in this case, it is not required to do so. Such a determination is still left to the discretion of the habeas court taking into consideration the *Kelsey* factors. See id., 343. "No single factor is dispositive, and, in ascertaining whether good cause exists, the habeas court must consider all relevant factors in light of the totality of the facts and circumstances presented." (Internal quotation marks omitted.) Id. For example, in the context of a purported failure to advise the petitioner of the applicable filing deadline, the habeas court could conclude that counsel's failure was constitutionally deficient and still conclude that good cause does not exist because the petitioner was otherwise aware of the deadline or unreasonably delayed in filing a new petition when he had opportunities to independently discover the applicable deadline. In the end, the court's conclusion as to whether the petitioner has established good cause is still reviewed under the abuse of discretion standard. See id.

The judgment is reversed and the case is remanded to the habeas court for a new hearing and good cause determination under § 52-470 (d) and (e).

[1] General Statutes § 52-470 provides in relevant part: "(d) In the case of a petition filed subsequent to a judgment on a prior petition challenging the same conviction, there shall be a rebuttable presumption that the filing of the subsequent petition has been delayed without good cause if such petition

is filed after the later of the following: (1) Two years after the date on which the judgment in the prior petition is deemed to be a final judgment due to the conclusion of appellate review or the expiration of the time for seeking such review; [or] (2) October 1, 2014 . . . . For the purposes of this section, the withdrawal of a prior petition challenging the same conviction shall not constitute a judgment. . . .

"(e) . . . If . . . the court finds that the petitioner has not demonstrated good cause for the delay, the court shall dismiss the petition. . . ."

[2] Given the well documented legislative history demonstrating "that § 52-470 was intended to grant habeas courts 'a lot of discretion' in weeding out nonmeritorious habeas claims"; *Kelsey* v. *Commissioner of Correction*, 343 Conn. 424, 434, 274 A.3d 85 (2022); we question whether filing a motion to show cause almost four years after the original habeas petition was filed serves that purpose. See id. ("[I]n 2012, the legislature amended § 52-470 with the goal of enacting comprehensive habeas reform. . . . The amendments were intended to supplement that statute's efficacy in averting frivolous habeas petitions and appeals. . . . [Moreover] the reforms were the product of collaboration and compromise by representatives from the various stakeholders in the habeas process, including the Division of Criminal Justice, the Office of the Chief Public Defender, the criminal defense bar, and the Judicial Branch." (Citation omitted; internal quotation marks omitted.)). Although the petitioner does not argue that a court can or should consider the respondent's delay in filing such a motion when conducting its good cause analysis, we simply note that such delay does little to assist the court in weeding out frivolous claims so that it can turn its attention to potentially meritorious petitions.

[3] Prior to oral argument, we issued an order asking the parties to be prepared to address at oral argument *Rose*'s impact on this case. At oral argument, counsel for the petitioner argued that, in light of *Rose*, we should reverse the judgment of the habeas court and remand the case for a new good cause hearing. Although counsel for the respondent argued that a remand was not necessary, he conceded that this court cannot say how the habeas court would have exercised its discretion in light of our Supreme Court's holding in *Rose*.

[4] General Statutes § 52-470 (c) provides: "Except as provided in subsection (d) of this section, there shall be a rebuttable presumption that the filing of a petition challenging a judgment of conviction has been delayed without good cause if such petition is filed after the later of the following: (1) Five years after the date on which the judgment of conviction is deemed to be a final judgment due to the conclusion of appellate review or the expiration of the time for seeking such review; (2) October 1, 2017; or (3) two years after the date on which the constitutional or statutory right asserted in the petition was initially recognized and made retroactive pursuant to a decision of the Supreme Court or Appellate Court of this state or the Supreme Court of the United States or by the enactment of any public or special act. The time periods set forth in this subsection shall not be tolled during the pendency of any other petition challenging the same conviction."

The difference between subsections (c) and (d) of § 52-470 is that the former applies to a first habeas petition and the latter applies to subsequent habeas petitions. The fact that *Rose* involved subsection (c) and this case involves subsection (d) is irrelevant to our analysis; the presumption of delay and good cause provisions in § 52-470 (e) apply to both subsections.

[5] "In essence, the procedural default doctrine holds that a claimant may not raise, in a collateral proceeding, claims that he could have made at trial or on direct appeal in the original proceeding and that if the state, in response, alleges that a claimant should be procedurally defaulted from now making the claim, the claimant bears the burden of demonstrating good cause for having failed to raise the claim directly, and he must show that he suffered actual prejudice as a result of this excusable failure." *Hinds* v. *Commissioner of Correction*, 151 Conn. App. 837, 852, 97 A.3d 986 (2014), aff'd, 321 Conn. 56, 136 A.3d 596 (2016).

[6] During oral argument before this court, counsel for the respondent stated that the respondent is considering ways to ensure that all inmates are aware of the filing deadlines in § 52-470 (c) and (d). In particular, counsel noted the possibility of posting such information in the state's correctional facilities or suggesting to the habeas court that it canvass a petitioner on his awareness of any filing deadlines before accepting a withdrawal of a pending petition. In response to counsel's suggestion, we also noted the possibility that the public defender's office could encourage counsel under its supervision to provide such information to petitioners before pending petitions are with-

drawn. Whatever the mechanism, we encourage the habeas bench and bar to pursue one or more remedies that would effectively eliminate this issue.