******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

## MICHAEL G. *v.* COMMISSIONER OF CORRECTION*
### (AC 43327)

Suarez, Westbrook and Prescott, Js.

*Syllabus*

The petitioner, who previously had been convicted of various crimes, appealed to this court following the denial of his petition for certification to appeal from the judgment of the habeas court dismissing his petition for a writ of habeas corpus as untimely pursuant to the applicable statute (§ 52-470 (d) and (e)). On appeal, the petitioner claimed that his prior habeas counsel's failure to advise him of the statutory deadline for filing a new petition prior to the withdrawal of his previously pending petition constituted ineffective assistance of counsel, which constituted good cause for the delay in filing. *Held* that, in accordance with our Supreme Court's recent decision in *Rose* v. *Commissioner of Correction* (348 Conn. 333) and this court's recent decision in *Hankerson* v. *Commissioner of Correction* (223 Conn. App. 562), this court reversed the judgment of the habeas court and remanded the case for a new hearing and good cause determination under § 52-470 (d) and (e).

Argued April 15—officially released May 7, 2024

*Procedural History*

Petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, where the court, *Newson, J.*, rendered judgment dismissing the petition; thereafter, the court denied the petition for certification to appeal, and the petitioner appealed to this court, *Alvord, Cradle* and *Eveleigh, Js.*, which dismissed the appeal; subsequently, on the granting of certification, the petitioner appealed to the Supreme Court, which vacated the judgment of this court and remanded the case to this court. *Reversed*; *further proceedings*.

*Jennifer B. Smith*, assigned counsel, for the appellant (petitioner).

* In accordance with our policy of protecting the privacy interests of the victims of sexual abuse and the crime of risk of injury to a child, we decline to use the petitioner's full name or to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

*Jonathan M. Sousa*, deputy assistant state's attorney, with whom, on the brief, were *Dawn Gallo*, former state's attorney, and *Leah Hawley*, former senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Michael G., appeals following the denial of his petition for certification to appeal from the judgment of the habeas court dismissing his petition for a writ of habeas corpus as untimely pursuant to General Statutes § 52-470 (d) and (e).[1] The respondent, the Commissioner of Correction, filed a request for an order to show cause why the petitioner's habeas petition should not be dismissed as untimely pursuant to § 52-470 (d) and (e). On appeal, the petitioner claims, inter alia, that the court erred in concluding that he failed to establish good cause for his late-filed petition. In particular, the petitioner argues that

---

[1] General Statutes § 52-470 provides in relevant part: "(d) In the case of a petition filed subsequent to a judgment on a prior petition challenging the same conviction, there shall be a rebuttable presumption that the filing of the subsequent petition has been delayed without good cause if such petition is filed after the later of the following: (1) Two years after the date on which the judgment in the prior petition is deemed to be a final judgment due to the conclusion of appellate review or the expiration of the time for seeking such review . . . . For the purposes of this section, the withdrawal of a prior petition challenging the same conviction shall not constitute a judgment. The time periods set forth in this subsection shall not be tolled during the pendency of any other petition challenging the same conviction. . . .

"(e) In a case in which the rebuttable presumption of delay under subsection . . . (d) of this section applies, the court, upon the request of the respondent, shall issue an order to show cause why the petition should be permitted to proceed. The petitioner or, if applicable, the petitioner's counsel, shall have a meaningful opportunity to investigate the basis for the delay and respond to the order. If, after such opportunity, the court finds that the petitioner has not demonstrated good cause for the delay, the court shall dismiss the petition. For the purposes of this subsection, good cause includes, but is not limited to, the discovery of new evidence which materially affects the merits of the case and which could not have been discovered by the exercise of due diligence in time to meet the requirements of subsection . . . (d) of this section."

his prior habeas counsel's failure to advise him of the statutory deadline for filing a new petition prior to the withdrawal of his previously pending petition constituted ineffective assistance of counsel, which constituted good cause for the delay in filing. In accordance with our Supreme Court's recent decision in *Rose* v. *Commissioner of Correction*, 348 Conn. 333, 304 A.3d 431 (2023), and our recent decision in *Hankerson* v. *Commissioner of Correction*, 223 Conn. App. 562, 308 A.3d 1113 (2024),[2] we conclude that the judgment of the habeas court must be reversed, and we remand the case for a new hearing and good cause determination under § 52-470 (d) and (e).

The judgment of the habeas court is reversed and the case is remanded for further proceedings in accordance with this opinion.

--------

[2] In 2021, prior to the issuance of the decisions in *Rose* and *Hankerson*, the appeal from the habeas court's dismissal of the petitioner's writ of habeas corpus was argued before this court. See *Michael G.* v. *Commissioner of Correction*, 214 Conn. App. 358, 360, 280 A.3d 501 (2022), vacated, 348 Conn. 946, 308 A.3d 35 (2024). The appeal was dismissed. Id., 378. The petitioner filed a petition for certification to appeal with our Supreme Court, which, following the issuance of its decision in *Rose*, granted the petition, vacated the judgment of this court, and remanded the case to this court "for further consideration in light of *Rose* . . . ." *Michael G.* v. *Commissioner of Correction*, 348 Conn. 946, 308 A.3d 35 (2024).