******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************************

# JOSE AYUSO *v.* COMMISSIONER OF CORRECTION
## (AC 44171)

Prescott, Seeley and Sheldon, Js.

*Syllabus*

The petitioner sought a writ of habeas corpus, alleging that the respondent
Commissioner of Correction had provided him with inadequate treat-
ment for certain medical conditions that constituted deliberate indiffer-
ence to his medical needs in violation of the eighth amendment to the
United States constitution. The habeas court rendered judgment denying
the habeas petition and, thereafter, denied the petitioner certification to
appeal, and the petitioner appealed to this court. *Held* that the petitioner
failed to demonstrate that the habeas court abused its discretion by
denying his petition for certification to appeal, as the court expressly
credited the testimony of the respondent's medical expert, who opined
to a reasonable degree of medical certainty that the petitioner had
received adequate medical treatment, as well that of the petitioner's
treating physician, in finding that the petitioner had received medically
appropriate treatment, and this court, on appeal, would not second-
guess those credibility determinations.

Argued September 19—officially released October 25, 2022

*Procedural History*

Amended petition for a writ of habeas corpus,
brought to the Superior Court in the judicial district
of Tolland, where the petition was withdrawn in part;
thereafter, the case was tried to the court, *Chaplin, J.*;
judgment denying the petition; subsequently, the court
denied the petition for certification to appeal, and the
petitioner appealed to this court. *Appeal dismissed.*

*Jose Ayuso*, self-represented, the appellant (peti-
tioner).

*Lisamaria T. Proscino*, assistant attorney general,
with whom, on the brief, were *William Tong*, attorney
general, *Clare Kindall*, solicitor general, and *Robert S.
Dearington*, former assistant attorney general, for the
appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Jose Ayuso, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his amended petition for a writ of habeas corpus in which he alleged deliberate indifference to his medical needs in violation of the eighth amendment to the United States constitution. The gravamen of the petitioner's deliberate indifference claim is that the respondent, the Commissioner of Correction, is providing inadequate medical treatment for the petitioner's back pain and for a lump on his inner thigh, including by not providing the petitioner with a magnetic resonance imaging (MRI) scan and back surgery.

In its memorandum of decision, the habeas court expressly credited the testimony of the respondent's medical expert, who opined to a reasonable degree of medical certainty that the petitioner has received adequate medical treatment and that there was no medical indication for either surgery or an MRI scan. On the basis of that expert testimony as well as that of the petitioner's treating physician, the habeas court ultimately found that "the petitioner received medically appropriate treatment for [his leg] [and] for his back pain." The petitioner's arguments on appeal are limited to attacking the credibility determinations of the habeas court, which, as we have repeatedly indicated, we will not second-guess on appeal. See, e.g., *Noze* v. *Commissioner of Correction*, 177 Conn. App. 874, 887, 173 A.3d 525 (2017) ("[i]t is simply not the role of this court on appeal to second-guess credibility determinations made by the habeas court"); *Jolley* v. *Commissioner of Correction*, 98 Conn. App. 597, 599, 910 A.2d 982 (2006) ("[W]e must defer to the [trier of fact's] assessment of the credibility of the witnesses based on its firsthand observation of their conduct, demeanor and attitude. . . . The habeas judge, as the trier of facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony." (Internal quotation marks omitted.)), cert. denied, 282 Conn. 904, 920 A.2d 308 (2007). We conclude, on the basis of our review of the record, the briefs, and the arguments of the parties, that the petitioner has failed to demonstrate, in accordance with *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994), that the court abused its discretion by denying his petition for certification to appeal.

The appeal is dismissed.

———————————————