******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# KHALID IBRAHIM *v.* COMMISSIONER
# OF CORRECTION
## (AC 46262)

Clark, Seeley and Harper, Js.

*Syllabus*

The petitioner, who had been convicted of felony murder and kidnapping in the first degree, appealed, on the granting of certification, from the judgment of the habeas court dismissing his petition for a writ of habeas corpus. The petitioner claimed that the court erred in concluding that he failed to establish good cause for his late filed petition. *Held*:

Pursuant to the Supreme Court's decision in *Rose* v. *Commissioner of Correction* (348 Conn. 333), which was issued while this appeal was pending, and which held that ineffective assistance of counsel may constitute an external, objective factor sufficient to establish good cause to excuse the late filing of a habeas petition pursuant to statute (§ 52-470), the habeas court did not apply the correct legal standard when deciding whether the petitioner had demonstrated good cause and, therefore, the petitioner was entitled to a new hearing at which the court must apply the proper legal standard with respect to § 52-470 (d) and (e).

Argued September 12—officially released December 17, 2024

*Procedural History*

Petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, where the court, *Bhatt, J.*, rendered judgment dismissing the petition; thereafter, the petitioner, on the granting of certification, appealed to this court. *Reversed*; *further proceedings*.

*Naomi T. Fetterman*, assigned counsel, for the appellant (petitioner).

*Jonathan M. Sousa*, assistant state's attorney, with whom, on the brief, were *Sharmese L. Walcott*, state's attorney, and *Jo Anne Sulik*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

HARPER, J. The petitioner, Khalid Ibrahim, appeals from the judgment of the habeas court dismissing his petition for a writ of habeas corpus as untimely under General Statutes § 52-470 (d) and (e).[1] On appeal, the petitioner claims that the court erred in concluding that he failed to establish good cause for his late filed petition. In particular, the petitioner argues that evidence of his prior habeas counsel's failure to advise him of the statutory deadline for filing a new habeas petition following the withdrawal of his then pending petition alleging a double jeopardy violation would

[1] General Statutes § 52-470 provides in relevant part: "(d) In the case of a petition filed subsequent to a judgment on a prior petition challenging the same conviction, there shall be a rebuttable presumption that the filing of the subsequent petition has been delayed without good cause if such petition is filed after the later of the following: (1) Two years after the date on which the judgment in the prior petition is deemed to be a final judgment due to the conclusion of appellate review or the expiration of the time for seeking such review; (2) October 1, 2014; or (3) two years after the date on which the constitutional or statutory right asserted in the petition was initially recognized and made retroactive pursuant to a decision of the Supreme Court or Appellate Court of this state or the Supreme Court of the United States or by the enactment of any public or special act. For the purposes of this section, the withdrawal of a prior petition challenging the same conviction shall not constitute a judgment. The time periods set forth in this subsection shall not be tolled during the pendency of any other petition challenging the same conviction. Nothing in this subsection shall create or enlarge the right of the petitioner to file a subsequent petition under applicable law.

"(e) In a case in which the rebuttable presumption of delay under subsection (c) or (d) of this section applies, the court, upon the request of the respondent [the Commissioner of Correction], shall issue an order to show cause why the petition should be permitted to proceed. The petitioner or, if applicable, the petitioner's counsel, shall have a meaningful opportunity to investigate the basis for the delay and respond to the order. If, after such opportunity, the court finds that the petitioner has not demonstrated good cause for the delay, the court shall dismiss the petition. For the purposes of this subsection, good cause includes, but is not limited to, the discovery of new evidence which materially affects the merits of the case and which could not have been discovered by the exercise of due diligence in time to meet the requirements of subsection (c) or (d) of this section. . . ."

establish ineffective assistance of counsel, which constitutes good cause for the delay in filing. In light of our Supreme Court's recent decision in *Rose* v. *Commissioner of Correction*, 348 Conn. 333, 304 A.3d 431 (2023), and this court's subsequent decisions in *Coney* v. *Commissioner of Correction*, 225 Conn. App. 450, 315 A.3d 1161 (2024), *Michael G.* v. *Commissioner of Correction*, 225 Conn. App. 341, 314 A.3d 659 (2024), *Rapp* v. *Commissioner of Correction*, 224 Conn. App. 336, 311 A.3d 249, cert. denied, 349 Conn. 909, 314 A.3d 601 (2024), and *Hankerson* v. *Commissioner of Correction*, 223 Conn. App. 562, 308 A.3d 1113 (2024), we conclude that the judgment of the habeas court must be reversed and the case remanded for a new good cause hearing.[2]

---

[2] At oral argument before this court, counsel for the respondent, the Commissioner of Correction, asserted that a remand is not required in the present case because the approximately six year delay in filing the habeas petition underlying this appeal could not, as a matter of law, constitute good cause under § 52-470 (e). We disagree. Whether good cause exists for a petitioner's late filing is left to the discretion of the habeas court, taking into consideration the factors set forth in *Kelsey* v. *Commissioner of Correction*, 343 Conn. 424, 442–43, 274 A.3d 85 (2022). The length of the delay is just one of the factors for the court to consider.

Counsel for the respondent also contended that, in the event that we determined that a remand was required, such a proceeding should be limited to an evaluation by the habeas court of whether prior habeas counsel rendered ineffective assistance that constituted good cause pursuant to § 52-470 (e) on the basis of the existing record. Counsel for the petitioner countered that such an approach would be contrary to *Rose* v. *Commissioner of Correction*, supra, 348 Conn. 333. In that case, our Supreme Court stated that the habeas court "made no factual findings regarding [the] alleged ineffective assistance, and, in the absence of such findings, we will not address the issue for the first time on appeal." Id., 349. It then remanded the case for a new hearing and good cause determination. Id., 350.

We are not persuaded by the efforts of the respondent to distinguish the present case from *Rose* v. *Commissioner of Correction*, supra, 348 Conn. 333, and its progeny, and note that we are bound to follow the precedent from both our Supreme Court and other panels of this court. See *State* v. *White*, 215 Conn. App. 273, 304–305, 283 A.3d 542 (2022), cert. denied, 346 Conn. 918, 291 A.3d 108 (2023). Accordingly, we follow the path of those cases and remand the case for a new hearing and good cause determination.

The following procedural history is relevant to our resolution of the petitioner's appeal. Following a jury trial, the petitioner was convicted of felony murder in violation of General Statutes § 53a-54c and kidnapping in the first degree in violation of General Statutes § 53a-92 (a) (2) (A). See *State* v. *Ibrahim*, 62 Conn. App. 634, 634, 772 A.2d 680, cert. denied, 256 Conn. 919, 774 A.2d 139 (2001). The petitioner received a total effective sentence of fifty years of incarceration. This court affirmed the judgment of conviction; see id.; and our Supreme Court denied the subsequent petition for certification. See *State* v. *Ibrahim*, 256 Conn. 919, 774 A.2d 139 (2001).

Thereafter, the petitioner filed his first habeas petition, in which he alleged ineffective assistance of trial counsel in his criminal trial. The habeas court denied the petition, and this court, in a per curiam decision, affirmed the judgment of the habeas court. See *Ibrahim* v. *Commissioner of Correction*, 132 Conn. App. 902, 30 A.3d 760, cert. denied, 303 Conn. 914, 32 A.3d 964 (2011). The petitioner filed his second habeas petition on January 16, 2014. In that action, he asserted a claim of a double jeopardy violation; additionally, he sought the restoration of his right to sentence review. By way of a stipulated judgment on August 24, 2016, the petitioner's right to sentence review was restored, and he agreed to withdraw his double jeopardy claim.

On or about September 6, 2022, the petitioner filed the underlying habeas petition that is the subject of this appeal. In this petition, he claims that his sentence was illegal because his right to be free from double jeopardy was violated when the state charged him with both murder and felony murder and that his criminal trial counsel was ineffective in failing to inform him of his "right to a plea bargain . . . ." At the request of the respondent, the Commissioner of Correction, the court, *Newson, J.*, ordered the petitioner to show cause as to why this petition should not be dismissed as untimely

because it was filed beyond the time limit for successive petitions in § 52-470 (d). See General Statutes § 52-470 (e). At the show cause hearing, the petitioner's counsel represented to the habeas court, *Bhatt, J.*, that the petitioner had wanted to pursue matters that had been withdrawn in the prior habeas action, namely, his double jeopardy claim. The petitioner's counsel further stated that he had spoken with prior habeas counsel, who had acknowledged his failure to advise the petitioner of the time limitation set forth in § 52-470. According to the petitioner's counsel, prior habeas counsel also had indicated that nothing in his file indicated that he had alerted the petitioner to these time constraints. The petitioner testified that he was unaware of the two year limitation of § 52-470.

On December 22, 2022, the habeas court issued a memorandum of decision summarizing the petitioner's argument as being that prior habeas counsel's failure to inform him of the time limitations in § 52-470 constituted ineffective assistance and that, as a result of this alleged constitutional violation, he had demonstrated good cause for the untimely habeas filing. The habeas court noted that this argument had been considered and rejected by this court in *Michael G.* v. *Commissioner of Correction*, 214 Conn. App. 358, 280 A.3d 501 (2022), vacated, 348 Conn. 946, 308 A.3d 35 (2024), and, therefore, concluded that, "in light of binding case law, [the petitioner] cannot demonstrate good cause for the untimely filing of the instant habeas petition." Accordingly, the habeas court dismissed the petition. The petitioner filed a petition for certification to appeal, which the court subsequently granted.

Approximately one year later, while this appeal was pending, our Supreme Court issued its decision in *Rose* v. *Commissioner of Correction*, supra, 348 Conn. 333. In *Rose*, the court discussed several factors relevant to the good cause determination under § 52-470 (e). Id.,

343. "These factors include, but are not limited to: (1) whether external forces outside the control of the petitioner had any bearing on the delay; (2) whether and to what extent the petitioner or his counsel bears any personal responsibility for any excuse proffered for the untimely filing; (3) whether the reasons proffered by the petitioner in support of a finding of good cause are credible and are supported by evidence in the record; and (4) how long after the expiration of the filing deadline did the petitioner file the petition. . . . No single factor is dispositive, and, in ascertaining whether good cause exists, the habeas court must consider all relevant factors in light of the totality of the facts and circumstances presented." (Citation omitted; internal quotation marks omitted.) Id.

In determining whether deficient performance of counsel may constitute good cause under § 52-470 (e), our Supreme Court turned to the distinction between internal and external factors that cause or contribute to the failure to comply with a procedural rule. Id., 347. Specifically, the court noted that, in the context of the procedural default doctrine, "[*i*]*neffective assistance of counsel is an objective factor external to the defense because the* [*s*]*ixth* [*a*]*mendment itself requires that responsibility for the default be imputed to the* [*s*]*tate.* . . . In other words, it is not the gravity of the attorney's error that matters, but that it constitutes a violation of [the] petitioner's right to counsel, so that the error must be seen as an external factor, i.e., imputed to the [s]tate. . . . Although a petitioner is bound by his counsel's inadvertence, ignorance, or tactical missteps . . . *a petitioner is not bound by the ineffective assistance of his counsel.*" (Citation omitted; emphasis added; internal quotation marks omitted.) Id., 347–48. It then concluded: "Consistent with this authority, we conclude that ineffective assistance of counsel is an objective factor external to the petitioner that may constitute

good cause to excuse the late filing of a habeas petition under the totality of the circumstances pursuant to § 52-470 (c) and (e)." Id., 348; see also *Rapp* v. *Commissioner of Correction*, supra, 224 Conn. App. 343. Consistent with the principles set forth in *Rose* v. *Commissioner of Correction*, supra, 348 Conn. 333, we conclude that the habeas court, through no fault of its own, did not apply the correct legal standard later set forth in *Rose* when deciding whether the petitioner had demonstrated good cause for the late filing of his petition. See *Hankerson* v. *Commissioner of Correction*, supra, 223 Conn. App. 569. As noted by the court in *Rose*, actions of counsel that are ineffective under the sixth amendment cannot be imputed to the petitioner and, therefore, the ineffective assistance of counsel constitutes an external, objective factor sufficient to establish good cause for the untimely filing. See *Rose* v. *Commissioner of Correction*, supra, 346. Accordingly, the petitioner is entitled to a new hearing at which the habeas court must apply the proper legal standard with respect to § 52-470 (d) and (e). Id., 350; see also *Coney* v. *Commissioner of Correction*, supra, 225 Conn. App. 454; *Michael G.* v. *Commissioner of Correction*, supra, 225 Conn. App. 343; *Rapp* v. *Commissioner of Correction*, supra, 224 Conn. App. 344.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.