******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

LAWRENCE FRANKO *v.* COMMISSIONER
OF CORRECTION
(AC 46356)

Alvord, Cradle and DiPentima, Js.

*Syllabus*

The petitioner, who had been convicted of kidnapping in the second degree, appealed following the denial of his petition for certification to appeal from the judgment of the habeas court dismissing his petition for a writ of habeas corpus. The petitioner claimed, inter alia, that the court erred in concluding that he failed to establish good cause for his late filed petition pursuant to statute (§ 52-470). *Held*:

The habeas court did not abuse its discretion in dismissing the petitioner's habeas petition as untimely pursuant to § 52-470, as the petitioner's argument essentially attacked the credibility determinations of the habeas court, and this court does not second-guess such credibility determinations on appeal.

The habeas court did not abuse its discretion in denying the petitioner's petition for certification to appeal to this court, the petitioner having failed to show that the issues presented in his appeal were debatable among jurists of reason, that a court could resolve them in a different manner or that the questions raised deserved encouragement to proceed further.

Argued November 19, 2024—officially released January 28, 2025

*Procedural History*

Petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, where the court, *Newson, J.*, rendered judgment dismissing the petition; thereafter, the court denied the petition for certification to appeal, and the petitioner appealed to this court. *Appeal dismissed.*

*Cheryl A. Juniewic*, assigned counsel, for the appellant (petitioner).

*Jonathan M. Sousa*, assistant state's attorney, with whom, on the brief, were *Paul J. Ferencek*, state's attorney, and *Michael Proto*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

DiPENTIMA, J. The petitioner, Lawrence Franko, appeals following the denial by the habeas court of his petition for certification to appeal from the dismissal of his third petition for a writ of habeas corpus as untimely pursuant to General Statutes § 52-470. On appeal, he claims that the court improperly determined that he failed to demonstrate good cause within the meaning of § 52-470 (e) to overcome the statutory presumption of unreasonable delay in the filing of his third habeas petition. He also claims that the court abused its discretion in denying his petition for certification to appeal. We dismiss the appeal.

The following facts and procedural history are relevant. The petitioner was convicted in 2010 of one count of kidnapping in the second degree in violation of General Statutes § 53a-94 (a) and was sentenced to sixteen years of incarceration followed by four years of special parole. His conviction was affirmed on direct appeal. See *State* v. *Franko*, 142 Conn. App. 451, 64 A.3d 807, cert. denied, 310 Conn. 901, 75 A.3d 30 (2013). In 2011, the petitioner filed a petition for a writ of habeas corpus, alleging ineffective assistance of counsel. The petition was denied, and that judgment was affirmed on appeal. See *Franko* v. *Commissioner of Correction*, 165 Conn. App. 505, 507, 139 A.3d 798 (2016). The petitioner filed a second petition for a writ of habeas corpus in 2016, again challenging the kidnapping conviction. On September 1, 2021, the petitioner, represented by counsel, filed a withdrawal of the petition.

On May 26, 2022, the self-represented petitioner filed a third petition for a writ of habeas corpus, again challenging the kidnapping conviction. The respondent, the Commissioner of Correction, filed a motion for order to show cause as to why the petition should not be

dismissed as untimely pursuant to § 52-470. An evidentiary hearing was held on the motion on November 21 and December 16, 2022. In a January 19, 2023 memorandum of decision, the court, *Newson, J.*, rendered a judgment of dismissal. The court stated that the third habeas petition was untimely and that the action should have been commenced no later than May 27, 2018.[1] The court further determined that the petitioner failed to demonstrate good cause for the delay. Specifically, the court found credible the testimony of the petitioner's former counsel, Attorney John Drapp, that he discussed with the petitioner that the withdrawal of the second habeas petition would subject any further habeas petitions to a challenge under § 52-470 as untimely. The court did not credit the petitioner's testimony that Drapp never mentioned to him the potential implications of withdrawing the second habeas petition.

The court also found that the withdrawal of the second petition "was done strategically" because the petitioner wanted instead to pursue a sentence modification. The court stated that, "[i]n the end, it is clear that the petitioner made a conscious choice to choose the avenue, at least at that time, [that] he thought provided him [with] the quickest opportunity to be heard on his case. While the petitioner claims *now* that he would 'never have withdrawn' his [second habeas petition] if he had known about the implications of § 52-470, that is likely 'buyer's remorse' after finding out the sentence

---

[1] The court noted that § 52-470 (d) (1) requires a subsequent petition challenging the same conviction to be filed within two years after the date on which the judgment in the prior petition is deemed final. The court reasoned that no judgment was rendered on the second petition because it was withdrawn and therefore the time period in § 52-470 (d) (1) ended two years after the judgment of this court affirming the denial of the first habeas petition became final. On appeal, the petitioner does not dispute that the third petition was untimely under § 52-470 (d) (1); rather, his challenge concerns the court's determination that the petitioner did not establish good cause for the delay.

modification motion was not successful." (Emphasis in original.) The court dismissed the petition. The petitioner filed a petition for certification, which the court denied. This appeal followed.

The following law and legal standards are relevant to the petitioner's claim that the court abused its discretion in denying his petition for certification to appeal. "Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review . . . only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden,* 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden,* 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . If this burden is not satisfied, then the claim that the judgment of the habeas court should be reversed does not qualify for consideration by this court." (Internal quotation marks omitted.) *Bennett* v. *Commissioner of Correction,* 222 Conn. App. 689, 691, 306 A.3d 1195 (2023), cert. denied, 348 Conn. 948, 308 A.3d 37 (2024). "In determining whether the habeas court abused its discretion in denying the petitioner's request for certification, we necessarily must consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's

appeal was frivolous." (Internal quotation marks omitted.) *Burgos-Torres* v. *Commissioner of Correction*, 142 Conn. App. 627, 630–31, 64 A.3d 1259, cert. denied, 309 Conn. 909, 68 A.3d 663 (2013).

Accordingly, we examine the petitioner's underlying claim to determine whether the habeas court abused its discretion in denying his petition for certification to appeal. The petitioner claims that the court improperly determined that he had not demonstrated good cause within the meaning of § 52-470 (e) to overcome the statutory presumption of unreasonable delay in the filing of his third habeas petition.

Section 52-470 (d) provides in relevant part that, "[i]n the case of a petition filed subsequent to a judgment on a prior petition challenging the same conviction, there shall be a rebuttable presumption that the filing of the subsequent petition has been delayed without good cause if such petition is filed . . . (1) Two years after the date on which the judgment in the prior petition is deemed to be a final judgment due to the conclusion of appellate review or the expiration of the time for seeking such review . . . ." Subsection (e) of § 52-470 provides in relevant part that, "[i]n a case in which the rebuttable presumption of delay . . . applies, the court, upon the request of the respondent, shall issue an order to show cause why the petition should be permitted to proceed. . . . For the purposes of this subsection, good cause includes, but is not limited to, the discovery of new evidence which materially affects the merits of the case and which could not have been discovered by the exercise of due diligence in time to meet the requirements of subsection (c) or (d) of this section."

"[F]actors directly related to the good cause determination [under § 52-470 (e)] include, but are not limited to: (1) whether external forces outside the control of

the petitioner had any bearing on the delay; (2) whether and to what extent the petitioner or his counsel bears any personal responsibility for any excuse proffered for the untimely filing; (3) whether the reasons proffered by the petitioner in support of a finding of good cause are credible and are supported by evidence in the record; and (4) how long after the expiration of the filing deadline did the petitioner file the petition. No single factor necessarily will be dispositive, and the court should evaluate all relevant factors in light of the totality of the facts and circumstances presented. . . . In discussing § 52-470, we have described [t]he habeas court's exercise of its discretion to manage [cases as] the best tool to . . . balance the principles of judicial economy and due process. . . . Generally, when a finding requires the balancing of several factors, many of which require factual determinations . . . this court has held that such conclusions are reversed only for an abuse of discretion. . . . Thus, [w]e will make every reasonable presumption in favor of upholding the [habeas] court's ruling[s] . . . . In determining whether there has been an abuse of discretion, the ultimate issue is whether the court . . . reasonably [could have] conclude[d] as it did." (Citations omitted; internal quotation marks omitted.) *Kelsey* v. *Commissioner of Correction*, 343 Conn. 424, 438–40, 274 A.3d 85 (2022).

The petitioner argues that he was unaware of § 52-470, that Drapp failed to explain the ramifications of withdrawing his second habeas petition and that he never would have withdrawn his second habeas petition if he had known that his third habeas petition would be time barred. This argument is unavailing. The court expressly credited Drapp's testimony that he had discussed with the petitioner the ramifications pursuant

to § 52-470 of withdrawing his second habeas petition[2] and discredited the petitioner's testimony that Drapp never mentioned to him those potential ramifications. On the basis of these credibility assessments, the court found that the petitioner chose to withdraw his second habeas petition for strategic reasons and that the petitioner's argument that he would not have withdrawn his petition if he had known about the implications of § 52-470 was merely " 'buyer's remorse.' " The petitioner's argument, which essentially attacks the credibility determinations of the habeas court, is unmeritorious because we do not second-guess on appeal the credibility determinations of the habeas court. See, e.g., *Ayuso* v. *Commissioner of Correction*, 216 Conn. App. 234, 235, 284 A.3d 1013 (2022) ("[i]t is simply not the role of this court on appeal to second-guess credibility determinations made by the habeas court" (internal quotation marks omitted)).

The petitioner further contends that an external factor that constitutes good cause for the delay is that he was incarcerated at the time of the withdrawal of his second habeas petition and thus was unable to conduct legal research to either counter or verify the legal information that Drapp had provided. In support of this argument, he maintains that the law library at his facility was closed due to COVID-19 and, even if it had not been closed, he was unable to access it because he was under quarantine and unable to leave his unit.

The court did not make any explicit findings regarding whether the petitioner's library access was restricted due to COVID-19 prior to his withdrawal of his second habeas petition on September 1, 2021. The library access issue is immaterial in light of the court's

[2] Specifically, Drapp testified that he had advised the petitioner that if he withdrew his second habeas petition, any habeas petition subsequently filed would be time barred by the statute of limitations in § 52-470.

express findings. The court found that Drapp informed the petitioner of the consequences of withdrawing his second habeas petition and that the petitioner chose to withdraw his petition for strategic reasons. Additionally, the petitioner's testimony at the show cause hearing that he "had no reason to go to the library to research anything" and that he relied on Drapp to tell him what he needed to know further supports the court's determination that the petitioner had not demonstrated good cause.

Finally, the court reasoned that, even if Drapp "had failed to notify the petitioner about the potential ramifications of § 52-470 prior to the withdrawal [of the second habeas petition], that would not constitute forces outside of the representation establishing 'good cause' to excuse the petitioner's delay." The petitioner argues that this reasoning conflicts with the precedent of our Supreme Court in *Rose* v. *Commissioner of Correction*, 348 Conn. 333, 304 A.3d 431 (2023).[3] In *Rose,* which was decided after the habeas court's dismissal of the petitioner's third habeas petition in the present case, our Supreme Court held that, "[a]lthough a petitioner is bound by his counsel's inadvertence, ignorance, or tactical missteps, regardless of whether counsel is flouting procedural rules or hedging against strategic risks, a petitioner is not bound by the ineffective assistance of his counsel." (Internal quotation marks omitted.) Id., 348. In other words, after *Rose,* ineffective assistance of counsel was to be considered an external factor that may constitute good cause to excuse late filing under § 52-470 (d) and (e). In the present case, the court, following appellate authority that was subsequently overruled by *Rose,* did not apply the correct

[3] Although the petitioner did not raise this argument in his main brief, the respondent did cite *Rose* in its responsive brief, so the petitioner properly could address it in his reply brief. See Practice Book § 67-5A (reply brief "should respond directly and succinctly to the arguments in the appellee's brief").

legal standard to its alternative analysis based on the hypothetical that Drapp did not inform the petitioner about the deadlines in § 52-470. See *Ibrahim* v. *Commissioner of Correction*, 229 Conn. App. 658, 664, A.3d (2024). This, however, does not require us to grant the petitioner's request for a new hearing. The judgment of the court dismissing the petitioner's third habeas petition as untimely pursuant to § 52-470 is supported by the court's primary conclusion that Drapp did advise the petitioner of the consequences of withdrawing the second petition. This conclusion does not conflict with *Rose*.

For the foregoing reasons, we conclude that there is no merit to the petitioner's argument that the court abused its discretion in dismissing his third habeas petition as untimely. Accordingly, we are not convinced that the issues presented in this appeal are debatable among jurists of reason, that a court could resolve them in a different manner or that the questions raised deserve encouragement to proceed further. See *Simms* v. *Warden*, supra, 230 Conn. 616. Consequently, we conclude that the petitioner failed to establish that the court abused its discretion in denying certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.