******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

PATRICK WALSH *v.* COMMISSIONER
OF CORRECTION
(AC 46876)

Alvord, Clark and Prescott, Js.

*Syllabus*

The petitioner, who previously had been convicted, following a jury trial, of murder, appealed, on the granting of certification, from the judgment of the habeas court dismissing his petition for a writ of habeas corpus. He claimed, inter alia, that the court improperly dismissed count one of his petition on the ground that it was barred by the doctrine of res judicata. *Held*:

The habeas court improperly dismissed count one of the petition on the ground that it was barred by the doctrine of res judicata, as the operative petition in the present case raised a legal ground for relief different from that raised in a previous petition.

Pursuant to the Supreme Court's decision in *Rose* v. *Commissioner of Correction* (348 Conn. 333), which was issued while this appeal was pending, and which held that ineffective assistance of counsel may constitute an external, objective factor sufficient to establish good cause to excuse the late filing of a habeas petition pursuant to statute (§ 52-470), the habeas court did not apply the correct legal standard when deciding whether the petitioner had demonstrated good cause and, therefore, the petitioner was entitled to a new hearing at which the court must apply the proper legal standard with respect to § 52-470 (d) and (e).

Argued January 6—officially released June 3, 2025

*Procedural History*

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, where the court, *Newson, J.*, rendered judgment dismissing the petition, from which the petitioner, on the granting of certification, appealed to this court. *Reversed*; *further proceedings*.

*Jessica M. Walker*, assigned counsel, for the appellant (petitioner).

*Linda F. Rubertone*, special deputy assistant state's attorney, with whom, on the brief, were *Christian Watson*, state's attorney, and *Angela Macchiarulo*, supervisory assistant state's attorney, for the appellee (respondent).

*Opinion*

ALVORD, J. The petitioner, Patrick Walsh, appeals, following the granting of certification to appeal, from the judgment of the habeas court dismissing his petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court improperly (1) dismissed count one of his petition on the ground that it was barred by the doctrine of res judicata and (2) concluded that he failed to establish good cause for his late filed petition. With respect to both claims, we conclude that the judgment of the habeas court must be reversed and the case remanded for a new good cause hearing.[1]

The following facts and procedural history are relevant to our resolution of the present appeal. In 1998, the jury was unable to reach a unanimous verdict in the petitioner's criminal trial. Following a retrial in 1999, a jury found the petitioner guilty of murder in violation of General Statutes § 53a-54a, and he was sentenced to fifty-five years of incarceration. On direct appeal, this court affirmed the petitioner's conviction, and our Supreme Court subsequently denied his petition for certification to appeal. See *State* v. *Walsh*, 67 Conn. App. 776, 799, 789 A.2d 1031, cert. denied, 260 Conn. 906, 795 A.2d 546 (2002).

The petitioner filed his first petition for a writ of habeas corpus in October, 2002. He withdrew that petition in 2004 prior to trial. The petitioner filed his second habeas petition in August, 2007, and he amended that petition in April, 2010 (second petition). The second petition alleged that his trial counsel provided ineffective assistance with respect to the state's plea offer extended during his criminal trial. The habeas court,

---

[1] In light of our resolution of the petitioner's first two claims, we need not address his third claim that the habeas court erred in excluding the testimony of James Walsh.

*Schuman, J.*, denied the second petition, and the petitioner appealed to this court, which dismissed the appeal. See *Walsh* v. *Commissioner of Correction*, 136 Conn. App. 901, 43 A.3d 838 (2012). While his appeal from the judgment denying the second petition was pending, the petitioner filed his third habeas petition in May, 2011 (third petition). He amended the third petition in July, 2015. Prior to the start of trial in August, 2015, he withdrew the third petition.

The petitioner commenced the underlying habeas action in March, 2016, and filed the operative petition on March 21, 2023 (operative petition). Therein, the petitioner alleged in relevant part that his trial counsel had rendered ineffective assistance, his appellate counsel had rendered ineffective assistance, his habeas counsel had rendered ineffective assistance, the prosecuting authority had failed to disclose materially favorable evidence, and the prosecuting authority had knowingly presented materially false testimony.

The respondent, the Commissioner of Correction, filed a motion pursuant to General Statutes § 52-470 (d) and (e)[2] for an order to show cause as to why the operative petition should not be dismissed as untimely. In response, the petitioner filed an objection. On March 15, 2023, the court, *Newson, J.*, issued notice to the parties that it would hold a hearing on the respondent's

[2] General Statutes § 52-470 provides in relevant part: "(d) In the case of a petition filed subsequent to a judgment on a prior petition challenging the same conviction, there shall be a rebuttable presumption that the filing of the subsequent petition has been delayed without good cause if such petition is filed after the later of the following: (1) Two years after the date on which the judgment in the prior petition is deemed to be a final judgment due to the conclusion of appellate review or the expiration of the time for seeking such review; [or] (2) October 1, 2014 . . . . For the purposes of this section, the withdrawal of a prior petition challenging the same conviction shall not constitute a judgment. . . .

"(e) . . . If . . . the court finds that the petitioner has not demonstrated good cause for the delay, the court shall dismiss the petition. . . ."

order to show cause. In addition, on March 31, 2023, the court issued notice to the parties that it would hold a hearing on the motion, raised sua sponte by the court, to dismiss count one on the ground of res judicata, pursuant to Practice Book § 23-29. Following the hearing, the court received written submissions from the parties on the question of res judicata. In June, 2023, the court issued a memorandum of decision dismissing the first count on the ground of res judicata and concluding, as to the remaining counts, that the petitioner failed to establish good cause for his late filed petition. The court subsequently granted the petition for certification to appeal the dismissal. This appeal followed. Additional facts and procedural history will be set forth as necessary.

I

The petitioner first claims that the habeas court improperly dismissed count one of his operative petition. Specifically, the petitioner asserts that count one was not barred by res judicata because the operative petition sought a different form of relief than his second petition. We agree.

The following additional facts and procedural history are relevant to this claim. In count one of his operative petition, the petitioner alleged that his criminal trial counsel rendered deficient performance by failing, inter alia, to conduct an adequate investigation, to adequately argue and oppose the prosecution's motion in limine, to properly question potential jurors, to present certain testimony or evidence relating to the petitioner's defense, and to request a limiting instruction.[3]

---

[3] The petitioner's request for relief in the operative petition included the following: "(1) directing the sentencing court to vacate the judgment in *State* v. *Walsh*, Superior Court, judicial district of Hartford, Docket No. CR-95-156657, within ninety days or some other certain and reasonable period of time; (2) directing the respondent to release the petitioner from confinement unless the sentencing court in *State* v. *Walsh*, supra, vacates the judgment within ninety days or some other certain and reasonable period of time; and (3) ordering whatever other relief that law and justice require."

In the petitioner's second petition, he raised claims of ineffective assistance of counsel in the plea bargain context. He alleged that his trial counsel were ineffective because they, inter alia, failed to "meaningfully engage in plea bargaining subsequent to his first trial, which resulted in a mistrial"; "failed to timely advise [him] of the state's position regarding plea negotiations prior to the time of trial"; "failed or neglected to convey to the petitioner the trial court's position regarding the proposed plea agreement as well as the likely consequences of an adverse decision by the jury"; "provided erroneous advice and guidance to the petitioner regarding the plea offer"; "neglected or failed to conduct reasonable research or investigation in a timely manner regarding the petitioner's eligibility for parole based upon the proposed plea agreement and newly enacted No. 95-225 of the 1995 Public Acts"; "specifically, directly and erroneously informed the petitioner that if he accepted the plea offer that he would be subject to Public Act 95-225 and, as such, would be required to serve 85 percent of his sentence before being eligible for parole"; "neglected or failed at any time to properly advise the petitioner that he was not subject to provisions of Public Act 95-225 and, as such, was not required to serve 85 percent of his sentence before being eligible for parole"; and "neglected or failed to provide correct or meaningful advice to the petitioner upon which the petitioner could make an informed decision regarding the plea offer extended by the prosecution." The petitioner further alleged that "had he been provided correct and meaningful advice he would have made an informed decision and would have accepted the state's offer had he been aware that he would not have been subject to the requirements of Public Act 95-225."[4]

[4] The petitioner's request for relief in his second petition included the following: (1) "[t]hat the petitioner be brought before the court so that justice may be done"; (2) "[t]hat the petitioner be given the opportunity to present testimony regarding the foregoing issues to [the habeas court]"; (3) "[t]hat the petitioner be granted a new trial"; (4) "[t]hat the petitioner's

The habeas court dismissed count one of the operative petition on the ground of res judicata, stating: "In [count] one of the [operative petition], as in the [second petition], the legal ground being raised is the alleged ineffectiveness of criminal trial counsel. . . . On their face, none of the allegations contained in the [operative] petition contain facts or evidence not reasonably available at the time of the [second] petition. . . . At argument, the petitioner also failed to proffer any credible argument that the information supporting the allegations in the [operative] petition contained any assertion of fact that was not reasonably available to prior habeas counsel—meaning that it could have been discovered through the exercise of due diligence—when the [second] petition was litigated in 2011. In fact, a fair reading of the current allegations of ineffective assistance against criminal trial counsel is that they focus entirely on claims that they failed to properly handle witnesses, evidence and other matters that occurred during the criminal trial. In the end, the present claim of ineffective assistance is merely a reworded and hyper-expanded version of the previously litigated claim of ineffective assistance against trial counsel. . . .

"The relief sought in the [second] petition and the current matter, although not using identical language, do seek identical relief. . . . In both actions, the petitioner sought to have his convictions vacated, for the matter to be returned to the trial court, and for other relief that law and justice require. Based on the foregoing, therefore, [count] one is dismissed on grounds of res judicata . . . ." (Citations omitted; footnote omitted; internal quotation marks omitted.)

The following legal principles govern our analysis of the petitioner's claim. "Whether a habeas court properly

appellate rights be restored"; (5) "[t]hat the petitioner be released from custody"; [and] (6) "[s]uch other and further relief as the court deems appropriate."

dismissed a claim on the ground of res judicata is a question of law over which our review is plenary." *Cator* v. *Commissioner of Correction*, 229 Conn. App. 393, 407, 327 A.3d 1028 (2024), cert. denied, 351 Conn. 919, 333 A.3d 105 (2025). "The doctrine of res judicata provides that a former judgment serves as an absolute bar to a subsequent action involving any claims relating to such cause of action which were actually made or which might have been made. . . . The doctrine . . . applies to criminal as well as civil proceedings and to state habeas corpus proceedings. . . . However, [u]nique policy considerations must be taken into account in applying the doctrine of res judicata to a constitutional claim raised by a habeas petitioner. . . . Specifically, in the habeas context, in the interest of ensuring that no one is deprived of liberty in violation of his or her constitutional rights . . . the application of the doctrine of res judicata . . . [is limited] to claims that have actually been raised and litigated in an earlier proceeding. . . .

"In the context of a habeas action, a court must determine whether a petitioner actually has raised a new legal ground for relief or only has alleged different factual allegations in support of a previously litigated claim. . . . Identical grounds may be proven by different factual allegations, supported by different legal arguments or articulated in different language. . . . They raise, however, the same generic legal basis for the same relief." (Internal quotation marks omitted.) Id., 406–407. In contrast, "two grounds are not identical if they seek different relief." (Internal quotation marks omitted.) *Kondjoua* v. *Commissioner of Correction*, 201 Conn. App. 627, 634, 243 A.3d 352 (2020), cert. denied, 336 Conn. 907, 243 A.3d 1181 (2021).

The relief available to, and sought by, the petitioner in the second petition was different from the relief sought in the operative petition. The second petition

alleged ineffective assistance of counsel with respect to the state's plea offer and counsel's parole eligibility advice.[5] "The specific injury suffered by defendants who decline a plea offer as a result of ineffective assistance of counsel and then receive a greater sentence as a result of trial can come in at least one of two forms. In some cases, the sole advantage a defendant would have received under the plea is a lesser sentence. This is typically the case when the charges that would have been admitted as part of the plea bargain are the same as the charges [that] the defendant was convicted of after trial. In this situation the court may conduct an evidentiary hearing to determine whether the defendant has shown a reasonable probability that but for counsel's errors he would have accepted the plea [offer]. If the showing is made, the court may exercise discretion in determining whether the defendant should receive the term of imprisonment the government offered in the plea, the sentence he received at trial, or something in between.

"In some situations it may be that resentencing alone will not be full redress for the constitutional injury. If, for example, an offer was for a guilty plea to a count or counts less serious than the ones [of] which a defendant was convicted after trial, or if a mandatory sentence confines a judge's sentencing discretion after trial, a resentencing based on the conviction at trial may not suffice. . . . In these circumstances, the proper exercise of discretion to remedy the constitutional injury may be to require the prosecution to reoffer the plea proposal. Once this has occurred, the judge can then exercise discretion in deciding whether to vacate the

---

[5] Although the petitioner's second petition requested a new trial, a new trial was not an available remedy. See *Carter* v. *Commissioner of Correction*, 133 Conn. App. 387, 394–97, 35 A.3d 1088 (explaining how relief petitioner is entitled to can be different from relief sought in habeas petition), cert. denied, 307 Conn. 901, 53 A.3d 217 (2012).

conviction from trial and accept the plea or leave the conviction undisturbed." (Internal quotation marks omitted.) *Ebron* v. *Commissioner of Correction*, 307 Conn. 342, 353–54, 53 A.3d 983 (2012), cert. denied sub nom. *Arnone* v. *Ebron*, 569 U.S. 913, 133 S. Ct. 1726, 185 L. Ed. 2d 802 (2013).

In contrast, the operative petition alleges a claim of ineffective assistance of counsel on the basis of deficient performance at trial, for which the appropriate remedy would be a new trial. See, e.g., *Skakel* v. *Commissioner of Correction*, 329 Conn. 1, 30, 188 A.3d 1 (2018), cert. denied, 586 U.S. 1068, 139 S. Ct. 788, 202 L. Ed. 2d 569 (2019). The petitioner thus raised a legal ground for relief in the operative petition different from that raised in the second petition. We therefore conclude that the habeas court improperly dismissed count one on the ground of res judicata.

## II

The petitioner next claims that the habeas court improperly concluded that he failed to establish good cause for his late filed petition. In light of our Supreme Court's recent decision in *Rose* v. *Commissioner of Correction*, 348 Conn. 333, 304 A.3d 431 (2023), which recognized that ineffective assistance of counsel may constitute good cause for the delay in filing, and this court's subsequent decisions applying *Rose*,[6] we conclude that the judgment of the habeas court must be reversed and the case remanded for a new good cause hearing.[7]

---

[6] See *Ibrahim* v. *Commissioner of Correction*, 229 Conn. App. 658, 327 A.3d 437 (2024); *Coney* v. *Commissioner of Correction*, 225 Conn. App. 450, 315 A.3d 1161 (2024); *Michael G.* v. *Commissioner of Correction*, 225 Conn. App. 341, 314 A.3d 659 (2024); *Rapp* v. *Commissioner of Correction*, 224 Conn. App. 336, 311 A.3d 249, cert. denied, 349 Conn. 909, 314 A.3d 601 (2024); *Hankerson* v. *Commissioner of Correction*, 223 Conn. App. 562, 308 A.3d 1113 (2024).

[7] The petitioner also argues that the habeas court erred in assessing the good cause issue because (1) "it required the petitioner to show good cause for an eighteen year delay, rather than for the eighteen month period between

The following additional facts and procedural history are relevant to this claim. At the show cause hearing and in his memorandum of law submitted to the habeas court, the petitioner asserted that good cause to excuse the delay in filing his petition existed because, inter alia, "(1) his prior counsel was ineffective in failing to properly analyze his case, raise pertinent claims, and prepare for the August, 2015 habeas trial, thereby forcing the petitioner to withdraw a timely filed petition; [and] (2) his prior counsel potentially gave affirmative mis-advice about the application of § 52-470 to his case . . . ." The habeas court disagreed with the petitioner and concluded: "The argument was also made that the petitioner 'has never had the opportunity' to litigate the matters raised in the [operative] petition. That argument, however, inaccurately states what has happened. The petitioner did have *the opportunity* to bring forth and litigate whatever claims counsel believed should be pursued and for which he believed there was evidence to support at the trial of his [second petition], but counsel *decided*, whether for strategic or other reasons, to pursue only the claim regarding the plea offer. In other words, there was nothing beyond the petitioner and counsel's control that prevented other matters from being litigated.

"Further, there is no rule or requirement that habeas counsel raise every theoretical claim that one could make regarding every inconsequential error that may have occurred during a fast-moving criminal trial. That the petitioner may have disagreed with his lawyer's ultimate choice of issues on the prior habeas is also not relevant to this discussion, since it is always the

the filing deadline and the petitioner's filing" and (2) "it failed to recognize that [a witness'] unavailability at the time the petitioner withdrew his prior habeas corpus action—coupled with his subsequent availability—constituted good cause." Because we conclude that the judgment of the habeas court must be reversed and the case remanded for a new good cause hearing, we need not address these arguments.

lawyer's discretion to decide which claims to pursue." (Emphasis in original.)

Approximately five months after the habeas court released its memorandum of decision and while this appeal was pending, "our Supreme Court issued its decision in *Rose* v. *Commissioner of Correction*, supra, 348 Conn. 333. In *Rose*, the court discussed several factors relevant to the good cause determination under § 52-470 (e). . . . These factors include, but are not limited to: (1) whether external forces outside the control of the petitioner had any bearing on the delay; (2) whether and to what extent the petitioner or his counsel bears any personal responsibility for any excuse proffered for the untimely filing; (3) whether the reasons proffered by the petitioner in support of a finding of good cause are credible and are supported by evidence in the record; and (4) how long after the expiration of the filing deadline did the petitioner file the petition. . . . No single factor is dispositive, and, in ascertaining whether good cause exists, the habeas court must consider all relevant factors in light of the totality of the facts and circumstances presented. . . .

"In determining whether deficient performance of counsel may constitute good cause under § 52-470 (e), our Supreme Court turned to the distinction between internal and external factors that cause or contribute to the failure to comply with a procedural rule. . . . Specifically, the court noted that, in the context of the procedural default doctrine, [*i*]*neffective assistance of counsel is an objective factor external to the defense because the* [*s*]*ixth* [*a*]*mendment itself requires that responsibility for the default be imputed to the* [*s*]*tate.* . . . In other words, it is not the gravity of the attorney's error that matters, but that it constitutes a violation of [the] petitioner's right to counsel, so that the error must be seen as an external factor, i.e., imputed to the [s]tate. . . . Although a petitioner is bound by his counsel's

inadvertence, ignorance, or tactical missteps . . . *a petitioner is not bound by the ineffective assistance of his counsel.* . . . It then concluded: [c]onsistent with this authority, we conclude that ineffective assistance of counsel is an objective factor external to the petitioner that may constitute good cause to excuse the late filing of a habeas petition under the totality of the circumstances pursuant to § 52-470 (c) and (e)." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Ibrahim* v. *Commissioner of Correction,* 229 Conn. App. 658, 662–64, 327 A.3d 437 (2024).

As noted previously, our Supreme Court issued its decision in *Rose* while this appeal was pending. Accordingly, the habeas court, through no fault of its own, did not apply the correct legal standard set forth in *Rose* when deciding whether the petitioner had demonstrated good cause for the late filing of his petition. "As noted by the court in *Rose*, actions of counsel that are ineffective under the sixth amendment cannot be imputed to the petitioner and, therefore, the ineffective assistance of counsel constitutes an external, objective factor sufficient to establish good cause for the untimely filing." Id., 664. In the operative petition in the present case, the petitioner has alleged that the delayed filing of the habeas petition was the result of ineffective assistance of counsel. Accordingly, the petitioner is entitled to a new hearing[8] at which the habeas court must apply

---

[8] The respondent argues that the proper remedy is for the judgment to be "reversed, as to counts two through five of the [operative] petition, and the matter remanded for an articulation of the court's factual findings consistent with the correct legal standards set forth by our Supreme Court." "We are not persuaded by the efforts of the respondent to distinguish the present case from *Rose* v. *Commissioner of Correction*, supra, 348 Conn. 333, and its progeny, and note that we are bound to follow the precedent from both our Supreme Court and other panels of this court. . . . Accordingly, we follow the path of those cases and remand the case for a new hearing and good cause determination." *Ibrahim* v. *Commissioner of Correction*, supra, 229 Conn. App. 660 n.2.

the proper legal standard with respect to § 52-470 (d) and (e).

The judgment is reversed and the case is remanded to the habeas court for a new hearing and good cause determination under § 52-470 (d) and (e).

In this opinion the other judges concurred.