******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

CHRISTOPHER LISBOA *v.* COMMISSIONER
OF CORRECTION
(AC 47034)

Alvord, Suarez and Bear, Js.

*Syllabus*

The petitioner, who previously had been convicted of murder and assault
in the first degree, appealed following the denial of his petition for certifica-
tion to appeal from the habeas court's judgment denying his petition for a
writ of habeas corpus. He claimed, inter alia, that the court abused its
discretion in denying his petition for certification to appeal. *Held*:

The habeas court did not abuse its discretion in denying the petitioner's
petition for certification to appeal, as the petitioner failed to demonstrate
that his underlying claims of error were debatable among jurists of reason,
that a court could have resolved the issues in a different manner, or that
the questions were adequate to deserve encouragement to proceed further.

The habeas court did not abuse its discretion in determining that the peti-
tioner failed to demonstrate good cause to excuse the late filing of his
habeas petition pursuant to statute (§ 52-470), as the petitioner's argument
essentially attacked the credibility determinations of the habeas court, and
this court does not second-guess such credibility determinations on appeal.

It would not have been an abuse of the habeas court's discretion to deny
the petition for certification to appeal if the petitioner had included his
claim that the habeas court improperly denied his request to appoint counsel
for the good cause hearing, as this court could not conclude that the habeas
court's failure to provide such counsel only for the limited purpose of the
good cause hearing was the type of egregious defect or "truly extraordinary
situation" warranting reversal under the plain error doctrine or that it threat-
ened the integrity of the judicial system or public confidence in the judicial
system such that this court was required to invoke its supervisory authority
over the administration of justice to guarantee a right to counsel at any
stage of a habeas proceeding.

Argued March 18—officially released October 28, 2025

*Procedural History*

Petition for a writ of habeas corpus, brought to the
Superior Court in the judicial district of Tolland, where
the court, *Newson, J.*, dismissed the petition; thereafter,

the court, *Newson, J.*, denied the petition for certification to appeal, and the petitioner appealed to this court. *Appeal dismissed.*

*Vishal K. Garg*, for the appellant (petitioner).

*Denise B. Smoker*, senior assistant state's attorney, with whom, on the brief, were *Anne Mahoney*, state's attorney, and *Erin Stack*, assistant state's attorney, for the appellee (respondent).

*Opinion*

SUAREZ, J. The petitioner, Christopher Lisboa, appeals following the denial by the habeas court of his petition for certification to appeal from the dismissal of his third petition for a writ of habeas corpus as untimely pursuant to General Statutes § 52-470. On appeal, the petitioner claims that the court (1) abused its discretion in denying his petition for certification to appeal, (2) incorrectly concluded that he failed to establish good cause within the meaning of § 52-470 (e) for his late filed petition, and (3) improperly denied his request for appointed counsel for the good cause hearing. We dismiss the appeal.

The following facts and procedural history are relevant to this appeal. Following a trial, the petitioner was convicted of murder in violation of General Statutes § 53a-54a and assault in the first degree in violation of General Statutes § 53a-59 (a) (1). On April 2, 2012, the petitioner was sentenced to forty-eight years of incarceration, followed by ten years of special parole. This court affirmed the petitioner's conviction on direct appeal. See *State* v. *Lisboa*, 148 Conn. App. 769, 771, 85 A.3d 1244 (2014).

On November 15, 2013, the petitioner filed his first habeas petition. The court appointed counsel and scheduled trial for April 5, 2016, but the petitioner withdrew this petition on December 8, 2015. On December

31, 2015, the petitioner filed his second habeas petition. The habeas court appointed different counsel, from the Law Office of Christopher Duby, LLC, and scheduled trial for March 16, 2023. The petitioner withdrew his second petition on February 24, 2023, just weeks before the start of trial.

On April 3, 2023, the petitioner filed his third habeas petition, which is the operative petition in this appeal (operative petition). The petitioner filed the operative petition as a self-represented party and did not request counsel when the present action was commenced. The respondent, the Commissioner of Correction, subsequently filed a motion pursuant to § 52-470 for an order to show cause as to why the operative petition should not be dismissed as untimely because it was filed more than five years after the judgment of conviction was deemed final. The habeas court granted the respondent's motion and ordered that a hearing take place by video conference. The petitioner requested counsel "*only* for this hearing" because of his "inability to fulfill the mandates to the Connecticut guide to remote hearing . . . ." (Emphasis in original.) The habeas court denied his request, stating that "[t]here are no 'limited purpose' appearances in habeas matters."

At the hearing on June 23, 2023, the self-represented petitioner testified that the only reason he withdrew his second habeas petition was on the advice of his prior appointed counsel and that he was unaware of any statutory time limit for filing a habeas petition. No other witnesses testified at the hearing.[1] On August 14, 2023, the habeas court issued a memorandum of

---

[1] The petitioner attached to his memorandum in opposition to the respondent's motion for order to show cause a letter from Attorney Christopher Duby to the petitioner dated February 28, 2023, shortly after the withdrawal of his second habeas petition. The letter was not introduced as an exhibit during the good cause hearing, and the court did not make any findings concerning this letter in its memorandum of decision.

decision in which it dismissed the operative petition. In its memorandum of decision, the court found that the petitioner "offered very little in the way of explanation other than, 'I withdrew the prior matters on the advice of counsel.' " The court further noted that the petitioner "provided no testimony on the particular circumstances leading to the two prior withdrawals." The court determined that "there [was] no evidence that there were any external factors outside the petitioner's control" that interfered with or prohibited the petitioner from filing the present action prior to the statutory deadline. Additionally, the court stated that the petitioner and his counsel bore responsibility for the untimely filing and that there were "no real reasons presented by the petitioner for the delay, let alone any credible ones . . . ." The court found that the petitioner's prior withdrawals were " 'strategic' " and made only for the purpose of delay. The court concluded that the petitioner failed to demonstrate good cause for the untimely filing and dismissed the petition for a writ of habeas corpus. Thereafter, the petitioner filed a timely petition for certification to appeal, which the court denied. This appeal followed.

I

We first address the petitioner's claim that the habeas court abused its discretion in denying his petition for certification to appeal. "Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . A petitioner may establish an abuse of discretion by demonstrating that the issues are debatable among jurists of reason . . . [a] court could resolve the issues [in a different manner] . . . or . . . the questions are adequate to deserve encouragement to proceed further. . . . The required determination may be made on the basis of the record before the habeas court and applicable legal

principles. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." (Citations omitted; emphasis omitted; internal quotation marks omitted.) *Crespo* v. *Commissioner of Correction*, 292 Conn. 804, 811, 975 A.2d 42 (2009); see also *Simms* v. *Warden*, 230 Conn. 608, 615–16, 646 A.2d 126 (1994) (adopting factors identified by United States Supreme Court in *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991), as appropriate standard for determining whether habeas court abused its discretion in denying certification to appeal).

"In determining whether the habeas court abused its discretion in denying the petitioner's request for certification, we necessarily must consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous. In other words, we review the petitioner's substantive claims for the purpose of ascertaining whether those claims satisfy one or more of the three criteria . . . adopted by [our Supreme Court] for determining the propriety of the habeas court's denial of the petition for certification." (Internal quotation marks omitted.) *Villafane* v. *Commissioner of Correction*, 190 Conn. App. 566, 573, 211 A.3d 72, cert. denied, 333 Conn. 902, 215 A.3d 160 (2019). For the reasons set forth in this opinion, we conclude that the petitioner has failed to demonstrate that his underlying claims of error are debatable among jurists of reason, that the court could resolve the issues in a different manner, or that the question is adequate to deserve encouragement to proceed further.

## II

The petitioner claims that the habeas court incorrectly concluded that he failed to establish good cause

for his untimely petition. On appeal, the petitioner argues that the court applied an incorrect legal standard by failing to consider ineffective assistance of counsel as an external factor that could provide evidence of good cause. The respondent argues that the habeas court did not reject "out of hand" the concept that ineffective assistance of counsel could constitute good cause but, instead, considered the petitioner's claim and rejected it by finding that the petitioner presented insufficient evidence to prove that his counsel was ineffective "to the degree necessary to constitute good cause." We agree with the respondent.

We begin by setting forth the applicable legal principles, including our standard of review. Section 52-470 (c) provides in relevant part that "there shall be a rebuttable presumption that the filing of a petition challenging a judgment of conviction has been delayed without good cause if such petition is filed after the later of the following: (1) Five years after the date on which the judgment of conviction is deemed to be a final judgment due to the conclusion of appellate review or the expiration of the time for seeking such review; [or] (2) October 1, 2017 . . . ." Pursuant to § 52-470 (e), "the court, upon the request of the respondent, shall issue an order to show cause why the petition should be permitted to proceed," and the petitioner or his counsel then "shall have a meaningful opportunity to investigate the basis for the delay and respond to the order. If, after such opportunity, the court finds that the petitioner has not demonstrated good cause for the delay, the court shall dismiss the petition."

"A habeas court's determination of good cause under § 52-470 (e) is reviewed for abuse of discretion." *Rose* v. *Commissioner of Correction*, 348 Conn. 333, 343, 304 A.3d 431 (2023), citing *Kelsey* v. *Commissioner of Correction*, 343 Conn. 424, 440, 274 A.3d 85 (2022). "[Our Supreme Court has] identified several factors that

are relevant to the good cause determination under § 52-470 (e). These factors include, but are not limited to: (1) whether external forces outside the control of the petitioner had any bearing on the delay; (2) whether and to what extent the petitioner or his counsel bears any personal responsibility for any excuse proffered for the untimely filing; (3) whether the reasons proffered by the petitioner in support of a finding of good cause are credible and are supported by evidence in the record; and (4) how long after the expiration of the filing deadline did the petitioner file the petition. . . . No single factor is dispositive, and, in ascertaining whether good cause exists, the habeas court must consider all relevant factors in light of the totality of the facts and circumstances presented." (Citation omitted; internal quotation marks omitted.) *Rose* v. *Commissioner of Correction*, supra, 343.

The subordinate factual findings on which a habeas court relies to arrive at its good cause determination are reviewed for clear error. Id. "A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) Id., 344. To the extent that the petitioner claims that the court applied an incorrect legal standard, it is subject to plenary review. See, e.g., *State* v. *Hughes*, 341 Conn. 387, 414, 267 A.3d 81 (2021); *State* v. *Nichols*, 234 Conn. App. 455, 468,      A.3d      (2025).

After the habeas court dismissed the operative petition in the present case, our Supreme Court issued its decision in *Rose*. In *Rose*, the court addressed "the extent to which the deficient performance of counsel may constitute good cause under § 52-470 (e)." *Rose* v. *Commissioner of Correction*, supra, 348 Conn. 347. Specifically, the court addressed "whether prior habeas

counsel's failure to advise a petitioner of the deadline for filing a new petition following the withdrawal of a pending petition may constitute good cause to justify a late-filed petition under § 52-470 (c) and (e)." (Footnote omitted.) *Hankerson* v. *Commissioner of Correction*, 223 Conn. App. 562, 567–68, 308 A.3d 1113 (2024). The respondent in *Rose* argued that, under *Kelsey,* "the petitioner must prove that external forces outside the control of both the petitioner and his habeas counsel caused or contributed to the delayed filing of his habeas petition." *Rose* v. *Commissioner of Correction*, supra, 346. The respondent further argued that "knowledge of the time constraints imposed by § 52-470 (c) and (e) is within the control of the petitioner and his habeas counsel, and, therefore, ignorance of those time constraints is insufficient to establish good cause under the statutory scheme, regardless of whether that ignorance is attributable to the lack of diligence of a self-represented petitioner in pursuing his habeas claim or the deficient performance of habeas counsel." Id. The petitioner disagreed, arguing that "actions of counsel that are ineffective [under the sixth amendment to the United States constitution] cannot be imputed to the petitioner and, therefore, that ineffective assistance of counsel constitutes an external, objective factor sufficient to establish good cause." (Internal quotation marks omitted.) Id. Our Supreme Court agreed with the petitioner and held that ineffective assistance of counsel is an "external, objective factor" that "*may* constitute good cause . . . ." (Emphasis added.) Id., 349.

The habeas court in the present case did not have the benefit of *Rose*, which clarified "the fundamental distinction between internal and external factors that cause or contribute to a petitioner's failure to comply with a procedural rule." (Internal quotation marks omitted.) *Hankerson* v. *Commissioner of Correction*, supra, 223 Conn. App. 569. The fact that the court's decision

predated *Rose*, however, does not require us to grant the petitioner's request for a new hearing. The court grounded its decision on the fact that the petitioner did not present sufficient evidence of good cause. This court recently addressed a similar case in *Franko* v. *Commissioner of Correction*, 230 Conn. App. 375, 329 A.3d 1028, cert. denied, 351 Conn. 914, 331 A.3d 1217 (2025). In *Franko*, this court affirmed the habeas court's conclusion that the petitioner failed to establish good cause despite the petitioner's allegation of ineffective assistance of counsel. Id., 384. The petitioner in that case testified that his prior counsel was deficient by not informing him before he withdrew his second habeas petition that any subsequent petitions would be time barred. Id., 381. The petitioner's prior counsel, however, testified at the good cause hearing that "he discussed with the petitioner that the withdrawal of the second habeas petition would subject any further habeas petitions to a challenge under § 52-470 as untimely." Id., 378. The court credited counsel's testimony and discredited the petitioner's testimony. Id., 381. This court dismissed the appeal and concluded that the habeas court's holding that counsel "*did* advise the petitioner of the consequences of withdrawing [his] second petition" was consistent with *Rose*. (Emphasis added.) Id., 383. In so doing, this court noted that the petitioner's argument attacked the credibility determinations of the habeas court, which we do not second-guess on appeal. Id., 381–82.

Although our Supreme Court in *Rose* held that ineffective assistance of counsel may constitute evidence of good cause, the petitioner still bears the burden of production to demonstrate good cause. See *Rose* v. *Commissioner of Correction*, supra, 348 Conn. 349. "[C]ounsel's failure to advise a petitioner of the deadline" does not "necessarily [constitute] ineffective assistance of counsel. . . . Such a determination is a fact specific

inquiry that depends on a number of factors . . . .” (Citation omitted.) *Hankerson* v. *Commissioner of Correction*, supra, 223 Conn. App. 569–70.

In the present case, the petitioner’s sole explanation for the delay was that his “prior counsel failed to advise him of the possible implications of § 52-470.”[2] Prior counsel did not testify. The court rejected the petitioner’s evidence, finding that “there were no real reasons presented by the petitioner for the delay, *let alone any credible ones* . . . .” (Emphasis added.) See *Franko* v. *Commissioner of Correction*, supra, 230 Conn. App. 381. It is well settled that “we do not second-guess on appeal the credibility determinations of the habeas court.” Id.; see also, e.g., *Ayuso* v. *Commissioner of Correction*, 216 Conn. App. 234, 235, 284 A.3d 1013 (2022) (“[i]t is simply not the role of this court on appeal to second-guess credibility determinations made by the habeas court” (internal quotation marks omitted)). The habeas court found that the petitioner “offered very little in the way of explanation other than, ‘I withdrew the prior matters on the advice of counsel.’ ”[3] The court further noted that “[t]he petitioner’s criminal trial and sentencing concluded eleven years ago. He has since

[2] In his brief to this court, the petitioner relies on the February 28, 2023 letter from Attorney Duby to the petitioner as evidence that he was given improper advice concerning his ability to file a new petition. See footnote 1 of this opinion. A court acting as a trier of fact may not consider exhibits not in evidence. See *Sharp Electronics Corp.* v. *Solaire Development, LLC*, 156 Conn. App. 17, 31 n.8, 111 A.3d 533 (2015).

[3] The petitioner includes in the appendix of his principal appellate brief a letter that he submitted to the habeas court in March, 2023, after he withdrew his second petition. In the letter, he claimed that Attorney Christopher Duby “coerced [him] into signing the paper to withdraw [his prior] habeas [petition].” The letter was returned to him because it was not a proper pleading. The petitioner did not make any allegation of coercion during the good cause hearing. We do not consider any evidence that was not included in the parties’ submissions to the habeas court. See, e.g., *Dushay* v. *Southern Connecticut Hockey League, LLC*, 234 Conn. App. 609, 612 n.3,    A.3d    (2025).

that time, first in 2013 and then in 2016, filed habeas petitions and then within a stone's throw from trial in each case has engaged in what this court refers [to] as 'strategic withdrawals.' " Lastly, the court found that the petitioner did not introduce any evidence that there were any external factors that prevented him from knowing and complying with the statutory time limitation. Applying the *Kelsey* factors, the court concluded that the petitioner's " 'strategic' " delay was "exactly what . . . § 52-470 was designed to moderate." See *Kelsey* v. *Commissioner of Correction*, supra, 343 Conn. 434 (legislative intent of good cause provision in § 52-470 is to "[avert] frivolous habeas petitions and appeals" (internal quotation marks omitted)).

Accordingly, we conclude that the court did not abuse its discretion in determining that the petitioner failed to demonstrate good cause.

### III

Finally, the petitioner claims that the habeas court improperly denied his request for appointed counsel at his good cause hearing. Specifically, the petitioner argues that General Statutes § 51-296[4] entitled him to appointed counsel in connection with his good cause hearing because a good cause hearing is a " 'proceeding' " within the meaning of that statute.[5] The petitioner did not raise this claim in his petition for certification

[4] General Statutes § 51-296 (a) provides in relevant part: "In any criminal action, in any habeas corpus proceeding arising from a criminal matter, in any extradition proceeding, or in any delinquency matter, the court before which the matter is pending shall, if it determines after investigation by the public defender or his office that a defendant is indigent as defined under this chapter, designate a public defender, assistant public defender or deputy assistant public defender to represent such indigent defendant . . . ."

[5] The petitioner argues in his reply brief to this court that the issue before us is not whether he has a constitutional right to appointed counsel under these circumstances, but whether "there is a statutory right to sequential representation in habeas corpus (i.e., civil) cases." (Emphasis omitted.)

to appeal.[6] The petitioner nonetheless argues that this claim is subject to review under the plain error rule because he has a statutory right to counsel, and that right is fundamental. Alternatively, he argues that this court should invoke its supervisory authority over the administration of justice. We conclude that it would not have been an abuse of the habeas court's discretion to deny the petition for certification to appeal if this issue had been included therein and decline to exercise our supervisory authority.

In *Banks* v. *Commissioner of Correction*, 347 Conn. 335, 297 A.3d 541 (2023), our Supreme Court held that "unpreserved claims challenging the habeas court's handling of the habeas proceeding are reviewable under the plain error doctrine and [*State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), as modified by *In re Yasiel R.*, 317 Conn. 773, 781, 120 A.3d 1188 (2015)], despite the petitioner's failure to include such claims in the petition for certification to appeal denied by the habeas court, if the petitioner can demonstrate, consistent with [the criteria set forth in *Simms* v. *Warden*, supra, 230 Conn. 615–16], that the unpreserved claims involve issues that are debatable among jurists of reason, could be resolved in a different manner, or deserve encouragement to proceed further." *Banks* v. *Commissioner of Correction*, supra, 359–60. The appellant must demonstrate that the "unpreserved and uncertified claims are nonfrivolous, which we define as raising a colorable claim of plain error or the violation of

---

[6] In addition to the good cause issue; see part II of this opinion; the petitioner's petition for certification to appeal listed summarily "any and all errors or claims that may become evident upon review of the record, evidence, and/or transcript of proceeding" as issues for appeal. Such broad language is insufficient to place properly the petitioner's third claim before this court. See *Reese* v. *Commissioner of Correction*, 219 Conn. App. 545, 551, 295 A.3d 513 ("merely alleging in the petition for certification that the court erred in denying his habeas petition and that the petitioner may raise other issues upon a review of the record did not give the court the opportunity to exercise its discretion"), cert. denied, 348 Conn. 906, 301 A.3d 1056 (2023).

a constitutional right due to the actions or omissions of the habeas court. Only if the appellant succeeds in surmounting that hurdle will the appellate court review the appellant's unpreserved claims on the merits." (Internal quotation marks omitted.) Id., 350–51. A petitioner may fulfill this burden in two ways: "First, the petitioner may strictly comply with the two part showing required by *Simms* . . . and expressly argue specific reasons why the habeas court abused its discretion in denying certification. Second, the petitioner may expressly allege that his [or her] argument on the merits demonstrates an abuse of discretion." (Internal quotation marks omitted.) Id., 359.

"It is well known that the plain error doctrine, codified at Practice Book § 60-5, is an extraordinary remedy used by appellate courts to rectify errors committed at trial that, although unpreserved [and nonconstitutional in nature], are of such monumental proportion that they threaten to erode our system of justice and work a serious and manifest injustice on the aggrieved party. [T]he plain error doctrine . . . is not . . . a rule of reviewability. It is a rule of reversibility . . . reserved for truly extraordinary situations [in which] the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings." (Internal quotation marks omitted.) *State* v. *Kyle A.*, 212 Conn. App. 239, 258–59, 274 A.3d 896 (2022), aff'd, 348 Conn. 437, 307 A.3d 249 (2024). To establish plain error, the petitioner must establish that "(1) there was an obvious and readily discernable error, and (2) that error was so harmful or prejudicial that it resulted in manifest injustice." (Internal quotation marks omitted.) *State* v. *Kyle A.*, 348 Conn. 437, 446, 307 A.3d 249 (2024).

In the present case, the petitioner argues that § 51-296 gives him a right to appointed counsel *only* for his good cause hearing because his good cause hearing is

a "habeas corpus proceeding arising from a criminal matter . . . ." General Statutes § 51-296 (a). The petitioner cites to dictionaries, case law, and common phrases to support his argument that the term "proceeding" can mean a stage of a proceeding, as opposed to the proceeding as a whole. Although the petitioner cites to Black's Law Dictionary, which defines the term "proceeding" as "[a]n act or step that is part of a larger action," that term is also defined in that same dictionary as "[t]he regular and orderly progression of a lawsuit, including *all acts and events between the time of commencement and the entry of judgment.*" (Emphasis added.) Black's Law Dictionary (11th Ed. 2019) p. 1457. The petitioner has not pointed to a single case, statute, or rule of practice in which representation only for a discrete hearing was allowed as a matter of right in a habeas proceeding. Practice Book § 3-8 (b) provides that an attorney may enter a "limited appearance" for a specific issue in any civil case, but only "with leave of court . . . ."[7] Practice Book § 25-6A provides that a party may be self-represented and employ counsel without prior court approval, but only in certain family matters. There is no rule of practice that specifically permits limited purpose appearances or hybrid representation in habeas proceedings without court consent. If the judges of the Superior Court had intended to create an express right to counsel for specific proceedings in habeas matters in our rules of practice, they would have explicitly said so.

The petitioner has presented at best a novel argument with respect to his claimed right to counsel for a limited purpose in habeas cases. We cannot conclude that the court's failure to provide such counsel only for the good cause hearing was the type of egregious defect or "truly extraordinary situation" warranting reversal under the

---

[7] "It is well established that '[h]abeas corpus is a civil proceeding.' " *Clue* v. *Commissioner of Correction*, 353 Conn. 97, 106, 340 A.3d 1102 (2025).

plain error doctrine. (Internal quotation marks omitted.) *State* v. *Orlando F.*, 233 Conn. App. 1, 37, 338 A.3d 379, cert. denied, 353 Conn. 903, 341 A.3d 957 (2025); see, e.g., id., 36 (holding that trial court did not commit plain error in failing to provide jury with instruction that it was not required to give); see also, e.g., *State* v. *Kyle A.*, supra, 348 Conn. 447–48 (trial court did not commit plain error in failing to give jury instruction that was deemed discretionary in nature). Thus, the petitioner has not demonstrated that his underlying claim of error is debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the question is adequate to deserve encouragement to proceed further. Accordingly, it would not have been an abuse of the habeas court's discretion to deny the petition for certification to appeal if this issue had been included therein. See *Banks* v. *Commissioner of Correction*, 225 Conn. App. 234, 254, 314 A.3d 1052, cert. denied, 349 Conn. 922, 321 A.3d 1130 (2024).

In the alternative, the petitioner requests that this court exercise its supervisory authority over the administration of justice to review his claim and to guarantee a right to counsel at any stage of a habeas proceeding. "It is well settled that [a]ppellate courts possess an inherent supervisory authority over the administration of justice." (Internal quotation marks omitted.) *State* v. *James K.*, 209 Conn. App. 441, 481, 267 A.3d 858 (2021), aff'd, 347 Conn. 648, 299 A.3d 243 (2023). Although *Banks* v. *Commissioner of Correction*, supra, 347 Conn. 335, did not discuss the ability of a reviewing court to use its supervisory authority for claims not included in the petition for certification to appeal, previously "we have rejected any arbitrary and categorical limitations on our use of our supervisory authority." *State* v. *Simmons*, 188 Conn. App. 813, 846, 205 A.3d 569 (2019). Assuming that we may exercise our supervisory authority in these circumstances, we conclude that the present case does not warrant its use.

Supervisory authority is an extraordinary remedy that should be used sparingly. See *State* v. *Edwards*, 314 Conn. 465, 498, 102 A.3d 52 (2014). Such powers should "be invoked only when circumstances are such that the issue at hand, while not rising to the level of a constitutional violation, is nonetheless of utmost seriousness, not only for the integrity of a particular trial but also for the perceived fairness of the judicial system as a whole." (Internal quotation marks omitted.) *State* v. *Elson*, 311 Conn. 726, 765, 91 A.3d 862 (2014). Thus, we are more likely to invoke our supervisory powers when there is a "pervasive and significant problem . . . or when the conduct or violation at issue is offensive to the sound administration of justice . . . ." (Citation omitted; internal quotation marks omitted.) *State* v. *Jacques*, 353 Conn. 122, 160, 340 A.3d 1073 (2025).

We decline to exercise our supervisory authority in the present case. We cannot conclude that the court's denial of the petitioner's request to have counsel appointed for the limited purpose of the good cause hearing threatens either the integrity of the judicial system or public confidence in the judicial system. As discussed previously in this opinion, the petitioner has not established that he is entitled to the specific form of limited representation that he seeks. The circumstances in the present case are not so extraordinary as to require this court to invoke our rarely invoked supervisory authority.

The appeal is dismissed.

In this opinion the other judges concurred.