******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# WILLIE HOBBY *v.* COMMISSIONER OF CORRECTION
## (AC 48638)

Suarez, Westbrook and Eveleigh, Js.

*Syllabus*

The petitioner, who had been convicted of various crimes, including sexual assault in the first degree, appealed, on the granting of certification, from the habeas court's judgment dismissing his petition for a writ of habeas corpus as untimely pursuant to statute (§ 52-470). The petitioner claimed, inter alia, that the court improperly concluded that he failed to establish good cause under § 52-470 (e) to overcome the presumption of unreasonable delay in the filing of his third habeas petition. *Held*:

The habeas court properly dismissed the petitioner's habeas petition, as the court did not abuse its discretion in finding that the petitioner had failed to establish good cause for his untimely filing, the court having declined to credit the petitioner's unsupported testimony that his counsel in two prior habeas actions the petitioner had withdrawn failed to advise him about the deadlines for refiling set forth in § 52-470 (d).

Argued March 19—officially released April 21, 2026

*Procedural History*

Petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, where the court, *Wagner, J.*, rendered judgment dismissing the petition, from which the petitioner, on the granting of certification, appealed to this court. *Affirmed*.

*Robert L. O'Brien*, assigned counsel, with whom, on the brief, was *Christopher Y. Duby*, assigned counsel, for the appellant (petitioner).

*Timothy F. Costello*, supervisory assistant state's attorney, with whom, on the brief, were *John P. Doyle, Jr.*, state's attorney, and *Jennifer Fields*, deputy assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Willie Hobby, appeals from the judgment of the habeas court dismissing his petition for a writ of habeas corpus as untimely pursuant to General Statutes § 52-470. On appeal, the petitioner

claims that the court improperly concluded that he failed to establish good cause within the meaning of § 52-470 (e) to overcome the presumption of unreasonable delay in the filing of his third habeas petition. We affirm the judgment of the habeas court.

The following facts and procedural history are relevant to our resolution of the petitioner's appeal. In 2005, the petitioner pleaded guilty, pursuant to a plea agreement, to one count of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (1); one count of attempt to commit sexual assault in the first degree in violation of General Statutes §§ 53a-49 and 53a-70 (a) (1); one count of kidnapping in the first degree in violation of General Statutes § 53a-92; and one count of assault in the first degree in violation of General Statutes § 53a-59 (a) (2). In accordance with the plea agreement, the petitioner received a total effective sentence of fifty years of incarceration, suspended after thirty years, followed by twenty-five years of probation.

In September, 2008, the petitioner filed his first petition for a writ of habeas corpus. He withdrew that petition prior to trial. In January, 2017, the petitioner filed his second petition for a writ of habeas corpus. He also withdrew that petition prior to trial.

On February 14, 2024, the petitioner filed his third petition for a writ of habeas corpus, which is the subject of this appeal. In that petition, he alleged that he had received ineffective assistance of counsel in connection with his 2005 guilty pleas. On December 30, 2024, the respondent, the Commissioner of Correction, filed a motion with the habeas court pursuant to § 52-470 (c) for an order directing the petitioner to show good cause as to why his petition should be permitted to proceed when it was filed approximately nineteen years "after [his] conviction was finalized" in 2005.[1] The petitioner, repre-

[1] General Statutes § 52-470 (c) provides: "Except as provided in subsection (d) of this section, there shall be a rebuttable presumption that the filing of a petition challenging a judgment of conviction has been delayed without good cause if such petition is filed after the later of the

sented by counsel, filed an objection to the respondent's motion, arguing that his counsel in his prior habeas proceedings had failed to advise him of the deadlines set forth in § 52-470, which constituted good cause to excuse the delay in the filing of his third petition pursuant to *Rose* v. *Commissioner of Correction*, 348 Conn. 333, 304 A.3d 431 (2023).

The court, *Wagner*, *J.*, granted the respondent's motion, ordering the petitioner to show cause as to why the petition should not be dismissed as untimely, and held a hearing on February 19, 2025. At the show cause hearing, the petitioner testified, inter alia, that the attorneys who had represented him in connection with his first and second habeas petitions had advised him to withdraw those petitions without mentioning any deadlines for refiling.[2] The petitioner also testified about his mental health history and presented as an exhibit certain records obtained from the Department of Correction concerning mental health evaluations and assessments of him that had been conducted in 2001 and 2002. Following the petitioner's testimony, the petitioner's counsel argued that prior habeas counsel's failure to advise the petitioner about the deadlines set forth in § 52-470 amounted to good cause to permit the third habeas petition to proceed

following: (1) Five years after the date on which the judgment of conviction is deemed to be a final judgment due to the conclusion of appellate review or the expiration of the time for seeking such review; (2) October 1, 2017; or (3) two years after the date on which the constitutional or statutory right asserted in the petition was initially recognized and made retroactive pursuant to a decision of the Supreme Court or Appellate Court of this state or the Supreme Court of the United States or by the enactment of any public or special act. The time periods set forth in this subsection shall not be tolled during the pendency of any other petition challenging the same conviction."

The respondent's motion does not appear to recognize that the petitioner had filed two prior habeas petitions. As set forth subsequently in this opinion, the time limit for successive petitions is set forth in § 52-470 (d).

[2] The petitioner also testified that he was not aware of the deadlines set forth in § 52-470 because he did not learn to read until the end of 2023 or 2024 and has not had access to a law library while he has been incarcerated.

under § 52-470 and that the petitioner's "mental health issues . . . compound the problem exponentially."

On February 28, 2025, the habeas court issued a memorandum of decision in which it concluded that the petitioner had failed to establish good cause for his untimely petition. The court explained: "[The petitioner] testified at the show cause hearing that he withdrew his prior petitions upon counsel's advice and that both of his previous habeas attorneys failed to advise him of the time limitations for refiling contained within § 52-470. However, [the petitioner] provided no testimony or evidence to substantiate or verify his assertions. Importantly, [the petitioner] did not present testimony from his prior attorneys and entered no documents into evidence that would substantiate his allegations. It is incumbent on [the petitioner] to adduce evidence in support of a claim that there is good cause for delay. . . . In the absence of any corroborating and independent evidence, the court does not credit [the petitioner's] unsubstantiated testimony at the show cause hearing."[3] (Citations omitted; emphasis omitted.) The court concluded, as a result, that the petitioner "failed to present credible evidence of good cause for the delay in filing the present petition." Accordingly, the habeas court dismissed the petition. The court subsequently granted the petitioner's petition for certification to appeal from the judgment of dismissal.

On appeal, the petitioner claims that the habeas court improperly determined that he had not demonstrated good cause within the meaning of § 52-470 (e) to overcome the presumption of unreasonable delay in the filing of his third habeas petition. Specifically, he argues that his testimony concerning the alleged ineffective assistance of his prior habeas attorneys was sufficient evidence of good cause. We are not persuaded.

Section 52-470 (d) provides in relevant part that, "[i]n the case of a petition filed subsequent to a judgment on

---

[3] The habeas court also noted that the petitioner had failed to include an offer of proof demonstrating good cause for his delayed filing in his response to the respondent's motion.

a prior petition challenging the same conviction, there shall be a rebuttable presumption that the filing of the subsequent petition has been delayed without good cause if such petition is filed . . . (1) Two years after the date on which the judgment in the prior petition is deemed to be a final judgment due to the conclusion of appellate review or the expiration of the time for seeking such review . . . ." Subsection (e) of § 52-470 provides in relevant part that, "[i]n a case in which the rebuttable presumption of delay . . . applies, the court, upon the request of the respondent, shall issue an order to show cause why the petition should be permitted to proceed. . . . For the purposes of this subsection, good cause includes, but is not limited to, the discovery of new evidence which materially affects the merits of the case and which could not have been discovered by the exercise of due diligence in time to meet the requirements of subsection (c) or (d) of this section."

"[F]actors directly related to the good cause determination [under § 52-470 (e)] include, but are not limited to: (1) whether external forces outside the control of the petitioner had any bearing on the delay; (2) whether and to what extent the petitioner or his counsel bears any personal responsibility for any excuse proffered for the untimely filing; (3) whether the reasons proffered by the petitioner in support of a finding of good cause are credible and are supported by evidence in the record; and (4) how long after the expiration of the filing deadline did the petitioner file the petition. No single factor necessarily will be dispositive, and the court should evaluate all relevant factors in light of the totality of the facts and circumstances presented. . . . In discussing § 52-470, we have described [t]he habeas court's exercise of its discretion to manage [cases as] the best tool to . . . balance the principles of judicial economy and due process. . . . Generally, when a finding requires the balancing of several factors, many of which require factual determinations . . . this court has held that such conclusions are reversed only for an abuse of discretion. . . . Thus, [w]e will make every reasonable presumption in favor of upholding the

[habeas] court's ruling[s] . . . . In determining whether there has been an abuse of discretion, the ultimate issue is whether the court . . . reasonably [could have] conclude[d] as it did." (Citations omitted; footnote omitted; internal quotation marks omitted.) *Kelsey* v. *Commissioner of Correction*, 343 Conn. 424, 438–40, 274 A.3d 85 (2022); accord *Franko* v. *Commissioner of Correction*, 230 Conn. App. 375, 380–81, 329 A.3d 1028, cert. denied, 351 Conn. 914, 331 A.3d 1217 (2025).

In *Rose*, our Supreme Court concluded that "ineffective assistance of counsel is an external, objective factor that may constitute good cause to excuse the delayed filing of a habeas petition under § 52-470 (c) and (e) . . . ."[4] *Rose* v. *Commissioner of Correction*, supra, 348 Conn. 349. Our Supreme Court explained: "Ineffective assistance of counsel is an objective factor external to the defense because the [s]ixth [a]mendment itself requires that responsibility for the default be imputed to the [s]tate. . . . In other words, it is not the gravity of the attorney's error that matters, but that it constitutes a violation of [the] petitioner's right to counsel, so that the error must be seen as an external factor, i.e., imputed to the [s]tate. . . . Although a petitioner is bound by his counsel's inadvertence, ignorance, or tactical missteps,

---

[4] In *Kelsey* v. *Commissioner of Correction*, supra, 343 Conn. 424, our Supreme Court stated that, "to rebut successfully the presumption of unreasonable delay in § 52-470, a petitioner generally will be required to demonstrate that something *outside of the control of the petitioner or habeas counsel* caused or contributed to the delay." (Emphasis added; internal quotation marks omitted.) Id., 441–42. In *Rose*, our Supreme Court sought to clarify its decision in *Kelsey* regarding "the fundamental distinction between internal and external factors that cause or contribute to a petitioner's failure to comply with a procedural rule." *Rose* v. *Commissioner of Correction*, supra, 348 Conn. 347; see *Hankerson* v. *Commissioner of Correction*, 223 Conn. App. 562, 568–69, 308 A.3d 1113 (2024).

This court has reversed the judgments in several cases that predated *Rose* and remanded them for new hearings and good cause determinations where the habeas court, through no fault of its own, did not apply the correct legal standard set forth in *Rose*. See, e.g., *Gentile* v. *Commissioner of Correction*, 230 Conn. App. 354, 374–75, 329 A.3d 955 (2025); see also *Walsh* v. *Commissioner of Correction*, 233 Conn. App. 66, 74–75 n.6, 338 A.3d 1169 (2025) (listing cases).

regardless of whether counsel is flouting procedural rules or hedging against strategic risks, a petitioner is not bound by the ineffective assistance of his counsel." (Citations omitted; internal quotation marks omitted.) Id., 347–48.

"[A]lthough the court in *Rose* held that constitutionally deficient performance by habeas counsel may constitute good cause for a late-filed petition, it did not hold that counsel's failure to advise a petitioner of the deadline for filing a new petition necessarily constitutes ineffective assistance of counsel. . . . Furthermore, although the habeas court may conclude that ineffective assistance of counsel constitutes good cause . . . it is not required to do so. Such a determination is still left to the discretion of the habeas court taking into consideration the *Kelsey* factors." (Citation omitted; footnote omitted.) *Hankerson* v. *Commissioner of Correction*, 223 Conn. App. 562, 569–70, 308 A.3d 1113 (2024).

In the present case, the habeas court explicitly recognized our Supreme Court's holding in *Rose* that ineffective assistance of counsel is an external, objective factor that may constitute good cause to excuse the delayed filing of a habeas petition under § 52-470 (c) and (e). The court also recognized that the petitioner in *Rose*, similar to the petitioner here, claimed that good cause excused the delayed filing of his habeas petition because his prior habeas attorney had advised him to withdraw a prior petition but failed to advise him of the need to file a new petition within the time constraints imposed by § 52-470 (c). See *Rose* v. *Commissioner of Correction*, supra, 348 Conn. 336. The court noted, however, that the petitioner in *Rose* had presented testimony from his prior habeas attorney, and he had submitted a transcript of the proceeding at which he withdrew his prior petition, which shed light on the advice that his prior counsel had provided him.[5] See id., 339–40.

[5] In *Rose*, although our Supreme Court summarized the evidence that had been presented in support of the petitioner's claim, it remanded the case for a new hearing and good cause determination because the habeas court had not made any factual findings regarding the alleged

Here, the petitioner's own testimony was the only evidence that he offered in support of his claim that his prior habeas attorneys had failed to advise him about the deadlines set forth in § 52-470 at the time of withdrawing his prior petitions.[6] The habeas court found that the petitioner's testimony was not credible, as it was not supported by any corroborating evidence.[7] It is well settled that "we do not second-guess on appeal the credibility determinations of the habeas court." *Franko* v. *Commissioner of Correction*, supra, 230 Conn. App. 381; accord *Lisboa* v. *Commissioner of Correction*, 236 Conn. App. 23, 32, 347 A.3d 984 (2025), cert. granted, 354 Conn. 911, 350 A.3d 1141 (2026);[8] see also *Rice* v. *Commissioner of Correction*, 204 Conn. App. 513, 517–19, 251 A.3d 1009 (upholding habeas court's dismissal of habeas petition as untimely under § 52-470 where court determined that there was "no evidence corroborating the petitioner's testimony" that his prior counsel failed to advise him of time constraints), cert. denied, 337 Conn. 906, 252 A.3d 365 (2021). Accordingly, we cannot conclude that the court abused its discretion in determining that the petitioner failed to demonstrate good cause.

ineffective assistance. See *Rose* v. *Commissioner of Correction*, supra, 348 Conn. 349–50.

[6] On appeal, the petitioner emphasizes that he also offered as evidence his Department of Correction mental health records from 2001 and 2002. He argues that these records, along with his testimony about his mental health history, "supported his claimed inability to understand his attorneys, their advice, and his rights and obligations." That evidence, however, does not support his claim that his prior counsel failed to provide him with any such advice in the first instance.

[7] Contrary to the petitioner's assertions, we do not view the habeas court's decision as stating that the petitioner's testimony by itself would be insufficient to establish good cause, even if the court had found that testimony to be credible.

[8] We note that, following the submission of the parties' appellate briefs but prior to oral argument, our Supreme Court granted the petitioner's petition for certification to appeal in *Lisboa* v. *Commissioner of Correction*, supra, 236 Conn. App. 23, which involved a claim substantially similar to the one at issue in this appeal. The habeas court in *Lisboa*, however, "did not have the benefit of *Rose*"; id., 30; whereas the habeas court in the present case explicitly considered and properly applied the legal principles set forth in *Rose*.

The petitioner, therefore, has failed to demonstrate that the court erred in dismissing his third habeas petition as untimely.

The judgment is affirmed.